## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EMMANUEL LLAMAS, an individual and
California resident, on behalf of himself and
all others similarly situated,

                Plaintiff,

v.

TRUEFIRE, LLC, and TRUEFIRE, INC.

                Defendants.

Case No.: 8:20-cv-00857-WFJ-CPT

JUDGE WILLIAM F. JUNG

## STIPULATION AND AGREMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, as of the date of execution below (the "Settlement Agreement," "Settlement," "Agreement," or "Stipulation"), is made and entered into by and among the following settling parties ("Parties"): (i) Emmanuel Llamas ("Plaintiff" or "Settlement Class Representative"), individually and on behalf of the Settlement Class (defined below); and (ii) TrueFire, LLC, and TrueFire, Inc. (collectively, "TrueFire" or "Defendants"), and subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure.  In consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a final approval order and judgment, all claims of the Settlement Class against Defendants in the Action shall be settled and compromised upon the terms and conditions contained herein. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, release, and settle all of Plaintiff's Released Claims (defined below), upon and subject to the terms and conditions thereof.

## RECITALS

WHEREAS, Plaintiff asserts that on or about March 9, 2020, TrueFire disclosed that it was the victim of a credit card scraping attack resulting in the disclosure of the names, addresses, payment card numbers, CVV security codes, and credit card expiration dates ("personally identifiable information") of TrueFire customers who purchased online guitar lessons from the TrueFire website between August 3, 2019 and January 14, 2020 (the "Data Breach");

WHEREAS, TrueFire notified affected United States residents of the Data Breach between approximately February 13, 2020 and March 10, 2020;

WHEREAS, on April 14, 2020, Plaintiff Emmanuel Llamas filed his initial Class Action Complaint against TrueFire (ECF No. 1) in the United States District Court for the Middle District of Florida, Case No.: 8:20-cv-00857-WFJ-CPT (the "Action").   The Class Action Complaint asserts claims for negligence, invasion of privacy, negligence *per se*, unjust enrichment, declaratory judgment, violation of Florida's Deceptive and Unfair Trade Practices Act, violations of the California Unfair Competition Law, and violation of the California Consumer Privacy Act;

WHEREAS, on April 14, 2020, the Action was assigned to the Honorable William F. Jung and Magistrate Judge Christopher P. Tuite;

WHEREAS, TrueFire denies (a) the allegations and all liability with respect to any and all facts and claims alleged in the Action, (b) that Plaintiff and the class he purports to represent have suffered any damage, (c) that the Action satisfies the requirements to be tried as a class action under the Federal Rules of Civil Procedure, and (d) that the Action states a claim for any relief;

WHEREAS, the Parties agreed to attempt to mediate a resolution to the dispute;

WHEREAS, on September 16, 2020, the Parties attended a full-day, arm's-length mediation negotiation supervised by Bennett G. Picker, Esq. of Stradley Ronon Stevens & Young,

LLP;

WHEREAS, throughout their mediation session, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation and all other factors bearing on the merits of settlement;

WHEREAS, Settlement Class Counsel have fully investigated the facts and law relevant to the subject matter of the Action, and have concluded, based upon their investigation, and taking into account the risks, uncertainties, burdens, and costs of further prosecution of the Action, and taking into account the substantial benefits to be received pursuant to this Agreement as set forth below, and for the purpose of putting to rest all controversies with the Defendants that were alleged in the operative Complaint, that a resolution and compromise on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Plaintiff and the Settlement Class;

WHEREAS, TrueFire, despite its belief that it has valid and complete defenses to the claims asserted against it, has nevertheless agreed to enter into this Agreement to reduce and avoid the further expense, burden, inconvenience, and uncertainty of continuing to litigate the Action, and without any admission of liability or wrongdoing whatsoever, desires to enter into this Agreement; and

WHEREAS, the Parties now agree to settle the Action in its entirety, without any admission of liability by TrueFire, with respect to all Released Claims (defined below) of the Settlement Class.  The Parties intend this Agreement to bind Plaintiff, TrueFire, and all members of the Settlement Class who do not timely and properly exclude themselves from the Settlement.

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the

Court, as follows:

## 1. DEFINITIONS

In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement:

1.1.    "Action" means *Emmanuel Llamas v. TrueFire, LLC v. TrueFire, Inc.*, Case No. 8:20-cv-00857-WFJ-CPT (M.D. Fla).

1.2.    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and administering and carrying out the terms of the Settlement.

1.3.    "Agreement" or "Settlement Agreement" means this agreement.

1.4.    "Attorneys' Fees and Expense Award" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees and expenses in connection with the Action.

1.5.    "Claim" or "Claims" means a written request, in electronic or paper form, by a Settlement Class Member, consistent with the provisions of this Agreement, seeking Settlement Consideration as set forth in Paragraph 5 below.

1.6.    "Claimant" means a Settlement Class Member who submits a Claim.

1.7.    "Claims Determination Notice" means notice provided to the Parties by the Claims Administrator that includes a final accounting of all Claims to be paid and instructions to TrueFire to fund the Settlement Administration Account.

1.8.    "Claims Period" means the period for submitting Monetary Payment Claims and Reimbursement Claims ending sixty (60) days after the Effective Date.

1.9.    ""Court" refers to the Honorable William F. Jung, United States District Court

Judge for the Middle District of Florida, or any other such judge to whom the Action may hereafter be assigned.

1.10. "Data Breach" means the unauthorized access to TrueFire customer names, addresses, payment card numbers, CVV security codes, and credit card expiration dates by an unauthorized individual between August 3, 2019 and January 14, 2020.

1.11. "Effective Date" means the date on which the Judgment entered pursuant to this Settlement Agreement becomes final.

1.12. "Election Deadline" means the last day for Settlement Class Members to submit the Election Form to receive the settlement offering of nine (9) month subscription to TrueFire All Access ending sixty (60) days after the Effective Date.

1.13. "Election Form" means the TrueFire All Access Election Form attached as Exhibit C to this Agreement.

1.14. "Fee Application" means any application by Settlement Class Counsel for an award of attorneys' fees and reimbursements of costs and expenses, as set forth in Paragraph 10.

1.15. "Final" means, with respect to any judicial ruling or order, that: (1) if no appeal, motion for re-argument, motion for rehearing, petition for *writ of certiorari*, or other writ has been filed, the time has expired to file such an appeal, motion for re-argument, motion for rehearing petition for *writ of certiorari*, or other writ; or (2) if an appeal, motion for re-argument, motion for rehearing, petition for a *writ of certiorari*, or other writ has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, petition, or writ has been denied or dismissed with no further right of review.  Any proceeding or order, or any appeal or petition for a *writ of certiorari* pertaining solely to any application for attorneys' fees or expenses will not in any way delay or preclude the Judgment from becoming Final.

1.16.   "Final Approval Order" and "Judgment" mean the order finally approving the terms of this Agreement and a separate judgment to be entered by the Court, pursuant to Federal Rule of Civil Procedure 58(a), dismissing the Action with prejudice.  In the event that the Court enters separate orders addressing the matters constituting final approval, then "Final Approval Order" includes all such orders.

1.17.   "Monetary Payment Claim" means any claim for a direct payment of $50.00 per California Sub-class Member.

1.18.   "Monetary Payment Deadline" means the last day for a California Sub-class Member to submit the Monetary Payment Claim Form for a direct payment of $50.00 ending sixty (60) days after the Effective Date.

1.19.   "Monetary Payment Claim Form" means the form attached as Exhibit E to this Agreement used to submit a Monetary Payment Claim.

1.20.   "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with Preliminary Approval of the Settlement.

1.21.   "Notice Date" means the deadline to disseminate Notice to the Settlement Class, which is forty-five (45) days after the Court issues the Preliminary Approval order.

1.22.   "Notice Program" means the methods for providing Notice of this Settlement to the Settlement Class Members, including: (1) a Summary Notice sent by e-mail ("E-mail Notice") to each Settlement Class Member for whom TrueFire can ascertain an e-mail address from its records with reasonable effort; (2) a Summary Notice sent by mail ("Postcard Notice") to each Settlement Class Member for whom TrueFire and the Settlement Administrator do not have record of a valid e-mail address but can ascertain a mailing address from its records with reasonable effort or for whom the Settlement Administrator can determine an address by completing a standard skip trace

or by other means; and (3) the posting of a Long-Form Notice on the Settlement Website ("Long-Form Notice"). The forms of Notice shall be substantially in the forms attached as Exhibits A–B to this Agreement and approved by the Court. The Notice Program shall be effectuated in substantially the manner provided in Paragraph 8.

1.23. "Objection Deadline" means the last day of the Objection Period.

1.24. "Objection Period" means the period during which the Settlement Class Member may file an objection to the Settlement or the Fee Application, which shall expire forty-five (45) days following the Notice Date, subject to Court approval. The deadline for filing an objection to the Settlement or the Fee Application shall be set forth clearly in the Notice.

1.25. "Opt-Out Deadline" means the last day of the Opt-Out Period.

1.26. "Opt-Out Period" means the period during which a Settlement Class Member may file a request to be excluded from the Settlement Class, which period shall expire forty-five (45) days following the Notice Date, subject to Court approval. The deadline for filing a request for exclusion shall be set forth clearly in the Notice.

1.27. "Preliminary Approval" means an order, providing for, among other things, preliminary approval of the Settlement.

1.28. "Reimbursement Claim" means any claim for reimbursement of time spent remediating issues related to payment card issues fairly traceable to the Data Breach.

1.29. "Reimbursement Deadline" means the last day for Settlement Class Members to submit the Reimbursement Form for reimbursement of time spent remediating payment card issues ending sixty (60) days after the Effective Date.

1.30. "Reimbursement Form" means the form attached as Exhibit D to this Agreement used to submit a Reimbursement Claim.

1.31.    "Released Claims" means all claims to be released as specified in Paragraph 9.

1.32.    "Released Parties" means those persons or entities released as specified in Paragraph 9.

1.33.    "Releases" means all the releases specified in Paragraph 9.

1.34.    "Releasing Parties" means Plaintiff and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns.

1.35.    "Settlement" means the settlement of the Action, between and among the Plaintiff, on behalf of himself and the Settlement Class, and TrueFire, as set forth and reflected in this Agreement.

1.36.    "Settlement Administration" means the responsibilities, duties, and other activities described in Paragraph 7 below.

1.37.    "Settlement Administration Account" means the bank account created by the Settlement Administrator to maintain funds for the payment of Claims.

1.38.    "Settlement Administrator" means, subject to approval by the Court, Angeion Group, a nationally recognized and experienced class-action claims administrator.

1.39.    "Settlement Class" means all persons who fall into either the Nationwide Settlement Class or the California Sub-class to be certified pursuant to Paragraph 4.1.

1.40.    "Settlement Class Counsel" or "Class Counsel" means John A. Yanchunis and Ryan J. McGee of Morgan & Morgan Complex Litigation Group, and M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corporation.

1.41.    "Settlement Class Members" means members of the Settlement Class.

1.42.    "Settlement Class Representative" or "Plaintiff" refers to Emmanuel Llamas.

8

1.43.   "Settlement Consideration" means that consideration set forth in Paragraph 5.

1.44.   "Settlement Website" means the website that the Settlement Administrator will establish, as provided for in Paragraph 7.2.4.

## 2.   DENIAL OF WRONGDOING AND LIABILITY

2.1.   TrueFire denies the material factual allegations and legal claims asserted by the Plaintiff in the Action, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Similarly, this Agreement provides for no admission of wrongdoing or liability by any of the Released Parties.  This Agreement is entered into solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.

## 3.   THE BENEFITS OF THE SETTLEMENT

3.1.   Settlement Class Counsel believes that the proposed settlement set forth in this Settlement Agreement confers substantial and immediate benefits upon the Settlement Class without having to undergo protracted and expensive litigation.

3.2.   Settlement Class Counsel and Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against TrueFire through trial and appeal.

3.3.   Settlement Class Counsel also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation.  Settlement Class Counsel is mindful of possible defenses related to the claims asserted in the Action and the pursuit of certification under Fed. R. Civ. P. 23, defending certification on appeal, and even against possible attempts to decertify the class during trial.  Based on their evaluation of all of these factors, Plaintiff and Settlement Class

Counsel have determined that the Settlement is in the best interests of Plaintiff and the Settlement Class.

## 4. SETTLEMENT CLASS CERTIFICATION

4.1.    For purposes of settlement only, Plaintiff shall seek, and TrueFire shall not oppose, certification of the Settlement Class, pursuant to Fed. R. Civ. P. 23(b)(3), defined as follows:

(a)    **Nationwide Class.**  All persons residing in the United States whose personally identifiable information was compromised as a result of the Data Breach first announced by TrueFire on February 13, 2020; and

(b)    **California Sub-class.**   All persons residing in California whose personally identifiable information was compromised in the Data Breach first announced by TrueFire on February 13, 2020.

4.2.    For the avoidance of doubt, for purposes of determining eligibility for the Settlement Consideration as set forth in Paragraph 5, an individual who is a member of the Nationwide Class and the California Sub-class will be treated as one claimant and may only make one claim for TrueFire All Access, time-spent remediating payment card issues resulting from the Data Breach, and Monetary Payment.

4.2.    For settlement purposes only, Plaintiff shall also seek, and TrueFire shall not oppose, appointment of Settlement Class Counsel, and appointment of Plaintiff as Settlement Class Representative to represent the Settlement Class.

4.3.    TrueFire does not consent to certification of the Settlement Class (or to the propriety of class treatment) for any purpose other than to effectuate the settlement of this Action. TrueFire's agreement to provisional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiff or any of the provisional Settlement Class

Members. TrueFire reserves the right to contest any motion to certify a class for any purpose other than settlement of the Action.

4.4.     If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to its procedural posture as of September 17, 2020, in accordance with this paragraph. Neither Party nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

## 5.   SETTLEMENT CONSIDERATION

In consideration for the releases provided in this Settlement Agreement, TrueFire will provide the following relief to the Settlement Class:

5.1.     **TrueFire All Access Subscription Offering.**  Settlement Class Members who are existing TrueFire All Access subscribers may elect to have their current subscriptions extended by a period of nine (9) months.  The remaining Settlement Class Members who are not existing TrueFire All Access subscribers and do not timely submit a request for exclusion from the Settlement Class shall have the option to receive a subscription to TrueFire All Access for a period of nine (9) months.  If a Settlement Class Member elects to receive the nine (9) month subscription

to TrueFire All Access, he or she must make that election by the Election Deadline.  Settlement Class Members shall make their TrueFire All Access election pursuant to the Election Form, which is attached hereto as Exhibit C.  To the extent there is any ambiguity with respect to the election to receive the nine (9) month subscription to TrueFire All Access, and the Settlement Administrator cannot resolve the ambiguity, the ambiguous Election Form shall default to an election to receive the nine (9) month subscription to TrueFire All Access.

   5.1.1.  **Timing of Provision of TrueFire All Access.**  The Settlement Administrator shall collect and process all Election Forms and shall submit the necessary information to TrueFire. The Settlement Administrator shall distribute subscription activation codes for TrueFire All Access as follows:

    (a) For Settlement Class Members who have submitted valid and approved Election Forms by the Effective Date, the Settlement Administrator will, within forty-five (45) days after the Effective Date, issue subscription activation codes for the TrueFire All Access service for a nine (9) month period to such Settlement Class Members.

    (b) For Settlement Class Members who have submitted valid and approved Election Forms after the Effective Date but by the Election Deadline, the Settlement Administrator will, within forty-five (45) days after the Election Deadline, issue activation codes for the TrueFire All Access service for a nine (9) month period to such Settlement Class Members.

    (c) For deficiencies, the Settlement Administrator shall ask the Settlement Class Member within twenty-one (21) days after the Election Deadline to cure the deficiency, and in doing so, may use its discretion to determine the most efficient

and most effective means of communicating with the Settlement Class Member, whether by e-mail, telephone, or mail.  Settlement Class Members shall have twenty-one (21) days from the date of the Settlement Administrator's notice to correct all deficiencies in their Election Forms. If a Settlement Class Member fails to correct all deficiencies within that time, the Settlement Administrator shall deny the Settlement Class Member's request for the TrueFire All Access services.  For Settlement Class Members who cure all deficiencies within that time, the Settlement Administrator will, within sixty (60) days after the Election deadline, issue activation codes for the TrueFire All Access service for a nine (9) month period to such Settlement Class Members.

5.2.    **Reimbursement of Time Spent Remediating Payment Card Issues.** Any Settlement Class Member may submit one Claim for reimbursement for time spent remediating fraudulent charges on their payment card as a result of the Data Breach for an amount of $20.00 per hour that is capped at a maximum of three (3) hours per Claimant.  Reimbursement Claims must be submitted pursuant to the Reimbursement Form attached as Exhibit D and in accordance with the reimbursement terms under the provisions of this Agreement.  All Reimbursement Claims must be submitted to the Settlement Administrator on or before the Reimbursement Deadline and must be verified in writing and attested-to by the Claimant.

5.2.1.  Settlement Class Members who wish to make a timely and properly supported Reimbursement Claim must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; (b) a written accounting of the tasks associated with remediating any fraudulent charges on their payment card as a result of the Data Breach; and (c) a statement signed under penalty of perjury indicating that:

(i) the individual performed the tasks associated with remediating the fraudulent charges on their payment card; and (ii) the fraudulent charges on their payment card are fairly traceable to the Data Breach.

      5.2.2.   **Adjudication of Reimbursement Claims.** The Settlement Administrator shall verify that each person who submits a Reimbursement Claim is a Settlement Class Member and shall determine whether, and to what extent, the Reimbursement Claim reflects a valid claim for time spent remediating fraudulent charges on the Settlement Class Member's payment card that are fairly traceable to the Data Breach. The Settlement Administrator shall determine whether a Claimant's supporting materials are sufficient to support a compensable Reimbursement Claim and the amount of such a Reimbursement Claim, and shall use reasonable procedures to screen Reimbursement Claims for abuse, fraud, duplication, or ineligibility. Within twenty-one (21) days after the Reimbursement Deadline, the Settlement Administrator shall send a written notice to Settlement Class Members whose Reimbursement Forms were rejected as incomplete. Settlement Class Members shall have twenty-one (21) days from the date of the Settlement Administrator's notice to correct all deficiencies in their Reimbursement Forms.  If a Settlement Class Member fails to correct all deficiencies within twenty-one (21) days from receiving the written notice, the Settlement Administrator shall deny the Settlement Class Member's Reimbursement Claim.  The Settlement Administrator shall determine whether the Settlement Class Member has corrected the deficient claim such that it reflects a valid Reimbursement Claim for time spent remediating fraudulent charges on the Settlement Class Member's payment card that are fairly traceable to the Data Breach;

      5.2.3.   Claims for time spent remediating fraudulent charges on the Settlement Class Member's payment card shall be deemed fairly traceable to the Data Breach if: (i) the tasks

were undertaken on or after February 13, 2020; (ii) the Settlement Class Member signs a statement signed under penalty of perjury indicating that the claimed time spent remediating the fraudulent charges on their payment card is related to the Data Breach, and (iii) the tasks associated with the claimed time spent remediating fraudulent charges on their payment card is reasonable and necessary under the circumstances, and (iv) the Settlement Administrator determines by a preponderance of evidence that it is related to the Data Breach.

   5.2.4.   No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by TrueFire as to any matter of fact, law, or evidence having any collateral effect on any Claim hereunder or in any other proceeding or before any other forum or authority. Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

   5.3.   **Monetary Payment to California Sub-class.**  All members of the California Sub-class are eligible to receive a direct payment of $50.00 per California Sub-class Member. Monetary Payment Claims must be submitted pursuant to the Monetary Payment Claim Form attached as Exhibit E and in accordance with the terms under the provisions of this Agreement. All Monetary Payment Claims must be submitted to the Settlement Administrator on or before the expiration of the Monetary Payment Deadline and must be verified in writing and attested-to by the Claimant.

   5.3.1.   California Sub-class Members who wish to make a timely and properly supported Monetary Payment Claim must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; and (b) a statement signed under penalty of perjury indicating that the Claimant was a resident of the state of California at the time of the Data Breach.

5.3.2.   Within twenty-one (21) days after the Monetary Payment Deadline, the Settlement Administrator shall send a written notice to California Sub-class Members whose Monetary Payment Claim Forms were rejected as incomplete. California Sub-class Members shall have twenty-one (21) days from the date of the Settlement Administrator's notice to correct all deficiencies in their Monetary Payment Claim Forms.  If a California Sub-class Member fails to correct all deficiencies within twenty-one (21) days from receiving the written notice, the Settlement Administrator shall deny the California Sub-class Member's Monetary Payment Claim.  The Settlement Administrator shall determine whether the California Sub-class Member has corrected the deficient claim such that it reflects a valid Monetary Payment Claim.

5.4.   **Payment on Claims.** The Settlement Administrator shall establish an account for payment of Claims (the "Settlement Administration Account"). Once the Settlement Administrator has made final determinations on all Claims submitted during the Claims Period, the Settlement Administrator shall provide notice to the Parties (the "Claims Determination Notice"), including a final accounting of all Claims to be paid and instructions to TrueFire to fund the Settlement Administration Account. The Settlement Administrator shall issue the Claims Determination Notice within sixty (60) days after the Claims Period. TrueFire shall then cause funds to be deposited into the Settlement Administration Account for the payment of Claims within forty-five (45) days of receiving the Claims Determination Notice. Upon TrueFire's funding of the Settlement Administration Account, the Settlement Administrator shall promptly make payment to Claimants.

5.5.   **Payment of Costs Associated with Settlement.** In consideration for this settlement, TrueFire agrees to pay the costs of Notice and Settlement Administration.

5.6.   **Non-Monetary Relief.** The Parties acknowledge that technical requirements for

16

security are evolving and change dynamically. In the event that technological or industry developments, or intervening changes in law render any of the provisions set forth in Sections 5.6.1.1-5.6.1.10, *infra*, obsolete or make compliance by TrueFire with any provision unreasonable or technically impractical, TrueFire will provide notice to Class Counsel within fourteen (14) days and propose a modification. If the Parties reach a mutual agreement that the elimination or modification of a provision is appropriate, they may jointly petition the Court to eliminate or modify such provision. If the Parties fail to reach an agreement, TrueFire may petition the Court to eliminate or modify such provision.

      5.6.1.  TrueFire agrees that it has or will implement and maintain the following data security practices:

            5.6.1.1.  Maintain its current Payment Card Industry compliant status for a period of five (5) years;

            5.6.1.2.  Migrate hosting to Amazon Web Services ("AWS");

            5.6.1.3.  Engage an outside vendor to perform two (2) rounds of penetration testing;

            5.6.1.4.  Implement password handling, requirements, and encryption in line with industry best practices for a period of five (5) years;

            5.6.1.5.  Implement protections against SQL injection and Cross Site Scripting attacks for a period of five (5) years;

            5.6.1.6.  Implement security measures in how employees access systems and administration tools for a period of five (5) years;

            5.6.1.7.  Enable firewall enhancements for a period of five (5) years;

            5.6.1.8.  Enable enhancements for Payment Card Industry compliance for a

period of five (5) years;

        5.6.1.9.  Enable management of AWS infrastructure, network and accounts to be in line with security best practices for a period of five (5) years; and

        5.6.1.10.  Staff two senior personnel resources with job responsibilities including the security and stability of technology for a period of five (5) years.

## 6. SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND PRELIMINARY AND FINAL APPROVAL

    6.1.  **Preliminary Approval.** As soon as practicable, but no later than fourteen (14) days following the full execution of this Agreement by all Parties, Settlement Class Counsel shall promptly move the Court for entry of a Preliminary Approval Order. A proposed Preliminary Approval Order shall be attached to the motion and shall be substantially in the form set forth in Exhibit F. The motion for Preliminary Approval shall request that the Court, among other things:

        6.1.1.  Approve the terms of the Settlement as within the range of fair, adequate, and reasonable;

        6.1.2.  Preliminarily certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), appoint Plaintiff as the Settlement Class Representative of the Settlement Class and appoint Settlement Class Counsel as counsel for the Settlement Class;

        6.1.3.  Approve the Notice Program set forth in Paragraph 8 and the Exhibits attached hereto, and provide that following the Preliminary Approval Order, TrueFire shall, at its own expense, cause the Notice to be provided in accordance with the procedures set forth in Paragraph 8.1 within forty-five (45) days of Preliminary Approval;

        6.1.4.  Approve the procedures set forth in Paragraph 8.3 and Paragraph 8.9 for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement or Fee Application;

6.1.5.   Find that the Court will retain jurisdiction over all claims relating to this Agreement;

6.1.6.   Maintain the stay of the Action pending Final Approval of the Settlement;

6.1.7.   Stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning Released Claims;

6.1.8.   Schedule the Final Approval Hearing at a time and date mutually convenient for the Court, Settlement Class Counsel, and counsel for TrueFire, at which time the Court will conduct an inquiry into the fairness of the Settlement, whether it was made in good faith and should be finally approved, and whether to approve Settlement Class Counsel's application for attorneys' fees, costs, and expenses ("Final Approval Hearing" or "Fairness Hearing"). The Final Approval Hearing shall be scheduled no earlier than at least sixty (60) days after the Objection Deadline and Opt-Out Deadline;

6.1.9.   Provide that all Settlement Class Members will be bound by the Final Approval Order and Judgment dismissing the Action with prejudice;

6.1.10. Establish dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and Settlement Class Counsel's Fee Application;

6.1.11.  Appoint Angeion Group as the Settlement Administrator; and

6.1.12. Within ten (10) days of the filing of the motion for Preliminary Approval, TrueFire shall, at its own cost, serve or cause to be served a notice of the proposed Settlement in accordance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

6.2.   **Final Approval.**   The Final Approval Hearing shall be scheduled no earlier than ninety (90) days after the CAFA notices are mailed to ensure compliance with 28 U.S.C. § 1715. By no later than fourteen (14) days prior to the Final Approval Hearing, the Parties shall file any responses to any objections and any briefs in support of final approval of the Settlement and/or Settlement Class Counsel's application for attorneys' fees, costs, and expenses. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the fees, costs, and expenses, provided the objectors filed timely objections that met all of the requirements listed in Paragraph 8.10.

6.2.1.   At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement and whether to approve Settlement Class Counsel's request for attorneys' fees, costs, and expenses. The proposed Final Approval Order that will be filed with the motion for Final Approval shall be in a form agreed upon by Class Counsel and TrueFire. Such proposed Final Approval Order shall, among other things;

(a)   Determine that the Settlement is fair, adequate, and reasonable and approve the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)   Finally certify the Settlement Class for settlement purposes only;

(c)   Determine that the Notice provided satisfied due process requirements;

(d)   Dismiss the Action with prejudice;

(e)   Bar and enjoin the Releasing Parties from asserting any of the Released Claims, as set forth in Paragraph 9, including during the pendency of any appeal from the Final Approval Order;

(f)     Release TrueFire and the Released Parties from the Released Claims, as set forth in Paragraph 9; and

(g)     Reserve the Court's continuing and exclusive jurisdiction over TrueFire and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## 7.  SETTLEMENT ADMINISTRATOR

7.1.    The Settlement Administrator shall administer various aspects of the Settlement as described in this Agreement and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing the Notice to Settlement Class Members as described in Paragraph 8; establishing and operating the Settlement Website and toll-free number; and administering the provision of TrueFire All Access subscription services and the Claims process as described in Paragraphs 5.1, 5.2, and 5.3.

7.2.    The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, include the following:

7.2.1.   Obtaining from TrueFire the name, last known e-mail address, and last known mailing or other address information for Settlement Class Members (to the extent it is reasonably available) and verifying and updating the e-mail and mailing addresses received, through the National Change of Address database or other similar data source, for the purpose of sending the Summary Notice to Settlement Class Members;

7.2.2.   Establishing and maintaining a post office box for mailed written notifications of exclusion from the Settlement Class;

21

7.2.3.   Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

7.2.4.   Establishing and maintaining a Settlement Website as an additional means for Settlement Class Members to obtain notice of and information about the Settlement through and including hyperlinked access to this Agreement; the Notice; the order preliminarily approving the Settlement; the Final Approval Order; Election Forms; Reimbursement Forms, Monetary Payment Forms; and such other documents as Class Counsel and TrueFire agree to post or that the Court orders posted. These documents shall remain on the Settlement Website at least until expiration of the Election Deadline, the Reimbursement Deadline, and Monetary Payment Deadline. The URL of the Settlement Website will be agreed upon in writing by TrueFire and Class Counsel. The Settlement Website shall not include any advertising and shall not bear or include the TrueFire logo or TrueFire trademarks.

7.2.5.   Responding to any mailed or e-mailed Settlement Class Member inquiries;

7.2.6.   Processing all written notifications of exclusion from the Settlement Class;

7.2.7.   Providing reports and, no later than ten (10) days after the Opt-Out Deadline, a final report to Class Counsel and TrueFire, that summarize the total number of written notifications of exclusion received;

7.2.8.   Providing reports to Settlement Class Counsel and TrueFire that set forth the number of Election Forms received since the prior reporting period, and the total number of Election Forms received to date;

7.2.9.   Providing reports to Class Counsel and TrueFire that set forth the

number and amount of Reimbursement Forms received since the prior reporting period, the total number and amount of Reimbursement Forms received to date, and Reimbursement Forms permitted, and the number rejected;

7.2.10 Providing reports to Class Counsel and TrueFire that set forth the number and amount of Monetary Payment Forms received since the prior reporting period, the total number and amount of Monetary Payment Forms received to date, and Monetary Payment Forms permitted, and the number rejected;

7.2.11. In advance of the Final Approval Hearing, preparing a declaration to submit to the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; (ii) identifies each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class; and (iii) provides information on the number of Settlement Class Members who requested TrueFire All Access subscriptions, and total number of Settlement Class Members who submitted Reimbursement Claims; and the total number of California Sub-lass Members who submitted Monetary Payment Claims;

7.2.12. Receiving and processing all Election Forms submitted by Settlement Class members pursuant to the criteria set forth in Paragraph 5.1.1, as well as distributing activation codes to Settlement Class Members for TrueFire All Access subscriptions based on Election Forms pursuant to the criteria set forth in Paragraph 5.1.1;

7.2.13. Reviewing, determining the validity of, and responding to Reimbursement Forms submitted by Settlement Class Members pursuant to the criteria set forth in Paragraph 5.2;

7.2.14 Reviewing, determining the validity of, and responding to Monetary Payment Claims submitted by California Sub-class Members pursuant to the criteria set forth in Paragraph 5.3;

7.2.14. After the close of the Claims Period, processing and transmitting distributions to Settlement Class Members in accordance with Paragraph 5.4;

7.2.15. Performing any other function related to Settlement administration at the agreed-upon instruction of both Settlement Class Counsel and TrueFire.

7.3.    The Settlement Administrator's determination regarding Settlement Class Members' eligibility for TrueFire All Access, payment to California Sub-class and/or reimbursement for Claims related to time spent remediating payment card issues resulting from the Data Breach is final.

7.4.    The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

7.5.    TrueFire shall be solely responsible for paying the Settlement Administrator for its Settlement Administration services related to the Settlement.

## 8.  NOTICE, OPT-OUTS, AND OBJECTIONS

8.1.    Within forty-five (45) days the Preliminary Approval Order, the Settlement Administrator shall distribute the Summary Notice activate the Settlement Website, and otherwise implement the Notice Program provided herein, using the forms of Notice substantially in the form attached as Exhibits A–B, as approved by the Court in the Preliminary Approval Order. The Notice shall include, among other information: (i) a description of the material terms of the Settlement; (ii) a date by which Settlement Class Members may exclude themselves from or "opt out" of the

Settlement Class; (iii) a date by which Settlement Class Members may object to the Settlement; (iv) the date upon which the Final Approval Hearing is scheduled to occur; (v) a description of the Settlement Consideration; (vi) a description of the process for submitting Election Forms; (vii) a description of the process for submitting Reimbursement Forms; (viii) a description of the process for submitting Monetary Payment Forms; (ix) the Election Deadline; (x) the Reimbursement Deadline; (xi) the Monetary Payment Deadline; and (xii) the Internet address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information. Class Counsel and TrueFire shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices provided under or as part of the Notice Program shall not bear or include the TrueFire logo or trademarks or the return address of TrueFire, or otherwise be styled to appear to originate from TrueFire.

    8.2.   The Notice shall include information about the benefits of the Settlement and the following information:

        8.2.1.   Election Forms are available at the Settlement Website, providing the URL for the applicable webpage and, in the E-mail Notice, a hyperlink to said page;

        8.2.2.   Elections Forms to receive TrueFire All Access Services must be submitted by the Election Deadline;

        8.2.3.   Reimbursement Forms are available on the Settlement Website, providing the URL for the applicable webpage and, in the E-mail Notice, a hyperlink to said page;

        8.2.4.   Reimbursement Forms must be submitted by the Reimbursement Deadline;

8.2.5. Monetary Payment Forms are available on the Settlement Website, providing the URL for the applicable webpage and, in the E-mail Notice, a hyperlink to said page; and

8.2.6. Monetary Payment Forms must be submitted by the Monetary Payment Deadline.

8.3. The Notice shall include the procedure for Settlement Class Members to exclude themselves from the Settlement Class by providing written notice to the Settlement Administrator in conformance with Paragraph 8.9. Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice. The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all Settlement Class Members who have timely and validly excluded themselves from the Settlement Class. Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of this Agreement.

8.4. The Notice shall include the procedure for Settlement Class Members to object to the Settlement and/or the Fee Application. Objections to the Settlement and/or Fee Application must comply with the procedures set forth in Section 8.10.

8.4.1 For an objection to be considered by the Court, the objection must conform to the specifications set forth in Paragraph 8.10.

8.5. Notice shall be provided to the Settlement Class by E-mail Notice to each Settlement Class Member for whom TrueFire or the Settlement Administrator can ascertain an e-mail address, by Postcard Notice to each Settlement Class Member whose E-mail Notice was undeliverable and for whom TrueFire or the Claims Administrator can ascertain a mailing address with reasonable effort or by implementing a standard skip trace, and by posting the Long-Form

26

Notice on the Settlement Website, pursuant to the terms of Paragraph 8. Notice shall be provided substantially in the forms attached as Exhibits A-B to this Agreement.

8.6.    TrueFire shall, within ten (10) days of the Preliminary Approval Order, provide the Settlement Administrator with data files containing the identity, last known mailing address, last known e-mail address, or other addresses of the Settlement Class Members (to the extent reasonably available). The Settlement Administrator shall perform an e-mail append to confirm the e-mail addresses provided by TrueFire and to determine the e-mail address for any other Settlement Class Member. The Settlement Administrator shall also run the mailing addresses through the National Change of Address Database or other similar data source, and shall send the Summary Notice to Settlement Class Members at the identified U.S. Mail and e-mail addresses.

8.7.    The Settlement Administrator shall perform reasonable address traces, such as a standard skip trace, for all Summary Notices sent by U.S. mail that are returned as undeliverable. The Settlement Administrator shall promptly complete the re-mailing of Summary Notices by U.S. Mail to those Settlement Class Members for whom an updated address can be located through address traces.

8.8.    By no later than twenty-one (21) days after the date of the Preliminary Approval Order, the Settlement Administrator shall establish a dedicated post office box address and the toll-free telephone number contemplated in Paragraphs 7.2.2-7.2.3.

8.9.    Opt-Out Procedures

8.9.1.   Each Settlement Class Member desiring to exclude herself or himself from the Settlement and Settlement Class shall timely submit, by U.S. Mail, written notice of such intent to the designated Post Office box established for said purpose as set forth in the Notice. The written notice must clearly manifest the intent to be excluded from the Settlement Class and must be signed

by the Settlement Class Member. A request for exclusion may not request exclusion of more than one member of the Settlement Class. Mass opt-outs are not permitted. To be effective, the written notice must be postmarked by the last date of the Opt-Out Period.

        8.9.2.   All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of the Settlement, including, but not limited to, a nine (9) month subscription to TrueFire All Access, reimbursement for any time spent remediating payment card issues resulting from the Data Breach, or California Sub-class payment (as described in Paragraph 5), nor be bound by the terms of this Agreement. Settlement Class Members who do not request to be excluded from the Settlement in the manner set forth in Paragraph 8.9.1 above, except as otherwise ordered by the Court, shall be bound by the terms of this Agreement and Judgment entered thereon.

        8.9.3.   Any Settlement Class Member who opts out of the Settlement shall not have standing to object to the Settlement.

    8.10.   Objection Procedures

        8.10.1. Any Settlement Class Member who does not elect to opt-out of the Settlement and who desires to object to the Settlement or the Fee Application shall file and serve such objections on or before the expiration of the Objection Period, in the form provided in the Notice.  Mailed objections must be filed or postmarked on or before the expiration of the Objection Period.  Such objections must set forth:

- the name of the Action;

- the objector's full name, address, telephone number, and e-mail address;

- a statement of the basis on which the objector claims to be a Settlement Class Member;

- a written statement of all grounds for the objection, accompanied by any legal support for the objection, and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection;

- a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing and the identification of any counsel representing the objector who intends to appear at the Final Approval Hearing;

- a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

- the objector's signature signed under oath and penalty of perjury or, if legally incapacitated, the signature of their duly authorized representative (along with documentation setting forth such legal incapacitation and representation) (an attorney's signature is not sufficient).

8.10.2. Except as otherwise ordered by the Court, any Settlement Class Member who fails to comply with the provisions of Paragraph 8.10.1 shall waive and forfeit any and all rights the Settlement Class Member may have to appear separately and/or to object to the Settlement or Fee Application, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Action.

## 9. RELEASES AND DISMISSAL OF ACTION

9.1.    As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall

automatically be deemed to have fully and irrevocably released and forever discharged TrueFire and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the predecessors, successors, and assigns of each of them (collectively, the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Breach, and conduct that was alleged or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the unauthorized access of Settlement Class Member personally identifiable information as a result of the Data Breach; (2) TrueFire's maintenance of Settlement Class Members' personally identifiable information; (3) TrueFire's information security policies or practices; (4) TrueFire's provision of notice to Settlement Class Members following the Data Breach; and (5) any event, matter, dispute, or thing that in whole or in part, directly or indirectly, relates to or arises out of the Data Breach and (1) through (4) above (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Breach.

        9.1.1.   For the avoidance of doubt, the Released Claims include any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of

action under any data breach statutes, consumer protection statutes, or consumer or data privacy statutes in effect in the United States or in any states in the United States; causes of action under the common or civil laws of any state in the United States, including but not limited to unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of express contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, identity theft insurance, statutory penalties, restitution, the appointment of a receiver, and any other form of relief). The Released Claims do not include any claims by the Parties hereto to enforce the terms of the Settlement.

9.2.    Upon the Effective Date, and to the fullest extent permitted by law, each Releasing Party, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than the participation in the Settlement as provided herein) in which any of the Released Claims are asserted.

9.3.    As of the Effective Date, TrueFire and all Released Parties agree to fully, completely, finally, and forever release, relinquish, and discharge Plaintiff and Class Counsel from

all claims, known or unknown, arising out of or relating to the institution, prosecution, settlement, or resolution of the Action (provided, however, that this release, relinquishment, and discharge shall not include claims by the Parties hereto to enforce the terms of the Settlement).

9.4.    Plaintiff and/or any Releasing Party may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of Paragraphs 9.1–9.3, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Paragraph and Paragraphs 9.1–9.3.

## 10. ATTORNEYS' FEES, COSTS, AND EXPENSES

10.1.    Class Counsel may file a Fee Application seeking an award of attorneys' fees, costs, and expenses of no more than $156,500.00, all of which shall, if approved by the Court, be paid by TrueFire wholly separate and apart from and without any affect upon or reduction of the Settlement Consideration.

10.2.    TrueFire will not oppose any motion by Class Counsel for an award of attorneys' fees, costs, and expenses of up to $156,500.00. TrueFire agrees that it has no right to appeal the amount of any award of attorneys' fees, costs, and expenses so long as the amount awarded does not exceed $156,500.00.  TrueFire reserves the right to object to a fee request that exceeds the terms outlined in this paragraph.

10.3.    Class Counsel must file the Fee Application, if at all, at least thirty (30) days prior to the Objection Deadline.

10.4.    Within thirty (30) business days after the Effective Date, TrueFire shall pay or cause to be paid to Class Counsel the Fee and Expense Award, if approved by the Court, if TrueFire receives written wire instructions and IRS Form W-9 from Class Counsel at least thirty (30) days before the payment deadline.

10.5.    **No Additional Amounts Due.** TrueFire shall not be liable for any additional attorneys' fees and expenses of Settlement Class Counsel or the Settlement Class Representative in the Action.

## 11. TERMINATION OF SETTLEMENT

11.1    This Settlement may be terminated by either Plaintiff or TrueFire by serving on counsel for the opposing Party and filing with the Court a written notice of termination within fourteen (14) days (or such longer time as may be agreed between Class Counsel and TrueFire) after any of the following occurrences:

11.1.1. Settlement Class Counsel and TrueFire agree to termination before the Effective Date;

11.1.2. The Court refuses to grant Preliminary Approval of this Agreement in any material respect;

11.1.3. The Court refuses to grant final approval of this Agreement in any material respect;

11.1.4. The Court of Appeals or Supreme Court modifies the Final Judgment or reverses it in any material respect; or

11.1.5. The Effective Date does not occur.

11.2.    TrueFire shall also have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within fourteen (14) days of its receipt

33

from the Settlement Administrator of the final report specified in Paragraph 7.2.7, if more than two hundred forty-five (245) Settlement Class Members submit valid written notifications to exclude themselves from the Settlement Class. Any exercise of termination under this provision must be provided to Class Counsel no later than thirty (30) days prior to the Final Approval hearing.

## 12. CONDITIONS OF SETTLEMENT

12.1.   This Settlement Agreement is expressly conditioned on and subject to each of the following conditions and, except as provided in Paragraph 11, shall be null and void and of no force and effect, cancelled and terminated unless:

12.1.1. The Court enters a Final Approval Order and Judgment; and

12.1.2. The Final Approval Order and Judgment becomes Final.

## 13. EFFECT OF A TERMINATION

13.1.   The grounds upon which this Agreement may be terminated are set forth in Paragraph 11. In the event of a termination as provided therein, this Agreement shall be considered null and void; all of TrueFire's obligations under the Agreement shall cease to be of any force and effect, the amounts in the Settlement Administration Account, if any, shall be returned to TrueFire; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. Either party may, at any time after the termination of this Agreement, move the Court to lift the stay of proceedings. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiff's right to seek class certification and TrueFire's right to oppose class certification.

13.1.1. In the event of a termination as provided in Paragraph 11, the Settlement

Administrator shall return the balance, if any, of the Settlement Administration Account to TrueFire within seven (7) days of receiving notice of the termination.

13.1.2. In the event the Settlement is terminated in accordance with the provisions of Paragraph 11, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

13.1.3. The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions of Paragraph 11.

## 15. DISMISSAL OF THE ACTION

15.1.   Plaintiff, on behalf of himself and the Settlement Class Members, consents to the dismissal of this Action with prejudice upon the Court's final approval of this Agreement.

## 16. MISCELLANEOUS PROVISIONS

16.1.   **Entire Agreement.** This Stipulation and the Exhibits constitute the entire agreement among the Parties and supersede any prior agreements among the Parties with respect to the subject matter hereof. All of the Exhibits referred to herein shall be incorporated by reference as though fully set forth herein. No representations, warranties, or inducements have been made to, or relied upon, by any Party concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants expressly set forth in such documents.

16.2.   **Singular and Plurals.** As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

16.3.   **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

16.4.   **Jurisdiction.** The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

16.5.   **Amendment.** This Stipulation may be amended, modified, or waived only by a written instrument signed by counsel for all Parties hereto or their successors in interest or their duly authorized representatives.

16.6.   **Obligation To Meet And Confer.** Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

16.7.   **Deadlines.** If any deadline set forth in this Agreement or the Exhibits hereto falls on a Saturday, Sunday, or legal holiday, that deadline will be continued to the next business day.

16.8.   **No Conflict Intended.** Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

16.9.   **Confidentiality.** To the extent permitted by law and any applicable Court rules, all agreements made and orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation and the Effective Date.

16.10.   **Destruction of Confidential Information.**

16.10.1.   If applicable, within three (3) days after Claims payments are funded, Settlement Class Counsel shall destroy all confidential, non-public information obtained in connection with the Action and Agreement, and certify the same.

16.10.2.   Within a year of the end of the Reimbursement Deadline, the Settlement Administrator shall destroy the Class List and all information obtained or compiled from the Action or the settlement, and provide written verification to Defendants' Counsel.

16.11.   **Waiver.** The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of that or any other prior or subsequent breach of any provision of this Stipulation by any other Party.

16.12.   **Notices.** Notices in relation to this Agreement shall be provided as follows:

16.12.1.   All notices to Settlement Class Counsel provided for herein, shall be sent by e-mail and overnight mail to:

John A. Yanchunis
Ryan J. McGee
Morgan & Morgan, PA
One Tampa City Center Ste 700
201 N Franklin Street
Tampa, FL 33602-5157
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

M. Anderson Berry
Leslie Guillon
Clayeo C. Arnold, PLC
865 Howe Avenue
Sacramento, CA  95825
aberry@justice4you.com
lguillon@justice4you.com

16.12.2.   All notices to TrueFire, provided for herein, shall be sent by overnight mail and e-mail to:

37

Claudia D. McCarron
Mullen Coughlin LLC
426 W. Lancaster Avenue, Suite 200
Devon, PA  19333
cmccarron@mullen.law

16.12.3.  The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

## 17. REPRESENTATIONS AND WARRANTIES

17.1.  **No Additional Persons with Financial Interest.** TrueFire shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Agreement. Settlement Class Counsel agree to hold TrueFire harmless from any claim that the term "Settlement Class Counsel" (as defined in section 1.40 of this Agreement) fails to include any counsel, person, or firm who claims that they are entitled to a share of any attorneys' fees awarded to Settlement Class Counsel in this lawsuit.

17.2.  **Parties Authorized to Enter into Agreement.** Settlement Class Representative and TrueFire represent and warrant that they are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Settlement Class Representative or TrueFire covenants, warrants, and represents that he or she is and has been fully authorized to do so by the Settlement Class Representative or TrueFire. Each Settlement Class Representative and TrueFire hereto further represent and warrant that they intend to be bound fully by the terms of this Agreement.

Plaintiff and Settlement Class Counsel represent and warrant that Plaintiff is a Settlement Class Member and that none of the Plaintiff's claims or causes of action that is or could have been asserted in the Action have been assigned, encumbered, or otherwise transferred in any manner in whole or in part.

17.3.   **Arm's-Length Negotiations.** The Parties represent and agree that the terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

17.4.   **Best Efforts.** The Parties and their respective counsel of record agree that they will use their reasonable best efforts to obtain (and, if necessary, defend on appeal) all necessary approvals of the Court required by this Stipulation (including, but not limited to, using their best efforts to resolve any objections raised to the Settlement); provided, however, that Defendant shall have no obligation to file briefs or otherwise advocate in favor of the Fee Application referenced in Paragraph 10, and, pursuant to the terms in Paragraph 10.2, Defendant shall take no position as to the Fee Application.

17.5.   **Independent Investigation and Decision to Settle.** The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the

discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

17.6.   **Receipt of Advice of Counsel.** Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained in Paragraph 9, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

17.7.   **Time Periods.** The time periods and dates described in this Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Settlement Class Counsel and TrueFire's Counsel.

17.8.   **Governing Law.** This Agreement is intended to and shall be governed by the laws of the State of Florida without regard to its choice of law principles.

17.9.   **No Construction Against Drafter.** This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

17.10.   **Press.** Except as required by law or any other disclosure obligations, the Parties, and the Parties' counsel, shall not issue any press releases or make any media statements about this case or the Settlement.

17.11.   **Agreement Binding on Successors in Interest.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and the Class (and, in the case of the releases, all Released Parties) and the respective legal representatives, heirs, executors, administrators,

transferees, successors, and assigns of all such foregoing Persons and upon any corporation, partnership, or other entity into or with which any party may merge, consolidate, or reorganize.

17.12.   **Enforcement.** Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the Court in which this Action is pending.

17.13.   **Execution in Counterparts.** This Agreement shall become effective upon its execution by the Plaintiff, an authorized representative of the Defendant, and all of the Parties' attorneys. The signatories may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all signatories had signed the same instrument.

17.14.   **Signatures.** Each person executing this Agreement warrants that such person has the full authority to do so. Signatures sent in PDF format by e-mail will constitute sufficient execution of this Agreement.

**IN WITNESS WHEREOF,** each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below:

Dated: _____, 2020

*Class Counsel*

_____
John A. Yanchunis
Morgan & Morgan, PA

Dated: _December 4_____, 2020

Dated: _____, 2020

*Duly Authorized Signatory for*
*TrueFire, LLC and TrueFire, Inc.*

_____
Owen Grover
Chief Executive Officer,
TrueFire Studios

Dated: _DEC. 3rd_____, 2020

*Class Counsel*

Ryan J. McGee
Morgan & Morgan, PA

Dated: **12/3/2020** , 2020

*Class Counsel*

M. Anderson Berry
Clayeo C. Arnold, PLC

*Attorney for Defendant*

Claudia D. McCarron
Mullen Coughlin, LLC

Dated: 12/3/2020 , 2020

*Plaintiff*

DocuSigned by:

3A9F55CCF83F42B

Emmanuel Llamas

42

# Exhibit A

## Summary Notice

*Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, Case No. 8:20-cv-00857-WFJ-CPT (M.D. Fla.)

***You may be entitled to receive benefits under this class action settlement.***

*A federal court authorized this Notice. It is **not** a solicitation from a lawyer.*

A proposed settlement has been reached in a lawsuit entitled *Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, Case No. 8:20-cv-00857-WFJ-CPT, pending in the United States District Court for the Middle District of Florida.  The lawsuit alleges that between August 3, 2019 and January 14, 2020, TrueFire was  the victim of a data skimming attack that resulted in the disclosure of payment card information belonging to individuals who made purchases on the TrueFire website during that time period (the "Data Breach").  TrueFire maintains that it had meritorious defenses, and it was prepared to vigorously defend the lawsuit.  The settlement is not an admission of wrongdoing or an indication that TrueFire has violated any laws, but rather the resolution of disputed claims. TrueFire encourages all persons who qualify as members of the Settlement Class to participate in the Settlement.

**Who Is Included?**  TrueFire's records indicate you are included in the settlement as a  Settlement Class Member because you made a purchase on the TrueFire website using a payment card between August 3, 2019 and January 14, 2020.

**What Benefits are Included in the Settlement?**

•	Settlement Class Members currently enrolled in TrueFire All Access may elect to have their subscription extended for an additional nine (9) months for no additional fee.

•	All other Settlement Class Members shall have the option to receive a subscription to TrueFire All Access for a period of nine (9) months.

•	Any Settlement Class Member may submit one Claim for reimbursement for time spent remediating fraudulent charges on their payment card as a result of the Data Breach for an amount of $20.00 per hour that is capped at a maximum of three (3) hours per Claimant.

•	All California Sub-class Members who make claims are eligible to receive $50.00 per Claimant.

**How Do I Receive Settlement Benefits?**  To receive the nine (9) month TrueFire All Access subscription,  Settlement Class Members must submit an Election Form to the Settlement Administrator by DATE.  To file a claim for Reimbursement of Time Spent Remediating Payment Card Issues related to the Data Breach, a Settlement Class Members must  submit a Reimbursement Claim Form to the Settlement Administrator by DATE.  To submit a claim for a Monetary Payment of $50.00, a California Sub-class Member must submit a Monetary Payment Claim Form by DATE.  these three  forms are available at www.INSERTWEBSITE.com, by calling 1-PHONE NUMBER, or by  writing to the Settlement Administrator at ADDRESS.  Each form may be

submitted through  the Settlement Website or by mail to the Settlement Administrator.

**What Are My Options?**  You can do nothing, submit an Election Form, Reimbursement  C l a i m Form or Monetary Payment Claim Form, or exclude yourself from the settlement.  If you do nothing or submit an Election Form, Reimbursement Claim  Form or Monetary Payment Claim Form, your rights will be affected.  You will not be able to sue TrueFire in a future lawsuit  about the claims addressed in the settlement.  If you exclude yourself, you will not receive the  listed settlement benefits—but you will keep your right to sue TrueFire in a separate lawsuit  concerning the issues covered by the settlement.  You must contact the Settlement Administrator by mail  to exclude yourself.  If you do not exclude yourself, you can object to the settlement, Class Counsel's request for fees and expenses. ***All Requests for Exclusion and Objections must be postmarked or filed in  person by [exclusion/objection deadline].***

**The Final Approval Hearing.**  The Court will hold a Final Approval Hearing at [TIME], on DATE], at the Tampa Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.  At the Final Approval Hearing, the Court will consider whether the proposed settlement is fair, reasonable,  and adequate.  The Court may also consider Settlement Class Counsel's request for attorneys'  fees, costs, and expenses of up to $156,500.  If there are objections, the Court will consider them.

**Getting More Information.**  More information, including the Settlement Agreement and other related documents, is available at www.INSERTWEBSITE.com.

# Exhibit B

## <u>UNITED STATES DISTRICT COURT</u>
## <u>FOR THE MIDDLE DISTRICT OF FLORIDA</u>

**Notice of Class Action and Proposed Settlement**

***You may be entitled to receive benefits under this class action settlement.***

This notice summarizes the proposed settlement reached in a lawsuit entitled *Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, No. 8:20-cv-00857-WFJ-CPT (M.D. Fla.), pending in the United States Federal District Court, Middle District of Florida ("Lawsuit"). For the precise terms and conditions of the settlement, please see the settlement agreement available at www.WEBSITE.com, by contacting the Settlement Administrator at _____, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.flmd.uscourts.gov/cmecf, or by visiting the office of the Clerk of the Court for the United States District Court for the Middle District of Florida, United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602 between 8:30 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**This notice may affect your rights – please read it carefully.**

*A federal court authorized this notice. This is **not** a solicitation from a lawyer.*

•       The lawsuit alleges that between August 3, 2019 and January 14, 2020, TrueFire was the victim of a data skimming attack that resulted in the disclosure of payment card information belonging to individuals who made purchases on the TrueFire website during that time period (the "Data Breach").  TrueFire maintains that it had meritorious defenses, and it was prepared to vigorously defend the lawsuit.  The settlement is not an admission of wrongdoing or an indication that TrueFire has violated any laws, but rather the resolution of disputed claims.

•       If you made a purchase on the TrueFire website using a payment card between August 3, 2019 and January 14, 2020, you are a Settlement Class Member.

•       <u>The Settlement provides that Settlement Class Members who are currently enrolled in TrueFire All Access may elect to have their subscription extended for an additional nine (9) months for no additional fee by submitting the Election Form by the Election Deadline and following the additional enrollment instructions to activate the plan as instructed.</u>

•       <u>The Settlement provides that all other Settlement Class Members shall have the option to receive a subscription to TrueFire All Access for a period of nine (9) months by submitting the Election Form by the Election Deadline and following the additional enrollment instructions to activate the plan as instructed.</u>

•       <u>The Settlement provides that California Sub-Class Members who make a claim are eligible to receive $50.00 per Claimant. To be eligible you must have been a resident of the State of</u>

California at the time of the Data Breach, and complete and submit the Monetary Payment Claim Form.  The Deadline to submit a claim for $50.00 is <mark>Monetary Payment Deadline.</mark>

•        The Settlement also provides for reimbursement for time spent remediating fraudulent charges on payment cards as a result of the Data Breach for an amount of $20.00 per hour that is capped at a maximum of three (3) hours per Claimant.  To be eligible for reimbursement, you must submit  sufficient evidence of your time spent remediating fraudulent charges on your payment card and satisfy additional requirements.   The deadline to submit a claim is **<mark>Reimbursement Deadline</mark>**.

| | |
|---|---|
| SUBMIT AN ELECTION FORM<br><br>DEADLINE: **<mark>[DATE]</mark>** | This is the only way for Settlement Class Members to enroll in the TrueFire All Access Settlement Offering provided by TrueFire. If you submit an Election Form, you will give up the right to sue TrueFire in a separate lawsuit about the claims this Settlement resolves. |
| SUBMIT A REIMBURSEMENT CLAIM FORM<br><br>DEADLINE: **<mark>[DATE]</mark>** | This is the only way for Settlement Class Members to request reimbursement for time spent remediating fraudulent charges on payment cards as a result of the Data Breach. If you submit a Reimbursement Claim Form, you will give up the right to sue TrueFire in a separate lawsuit about the claims this Settlement resolves. |
| SUBMIT A MONETARY PAYMENT CLAIM FORM<br><br>DEADLINE: **<mark>[DATE]</mark>** | This is the only way for California Sub-class Members to request direct payment of the Monetary Payment Claim.  If you submit Monetary Payment Claim Form, you will give up the right to sue TrueFire in a separate lawsuit about the claims this Settlement resolves. |
| DO NOTHING | Unless you exclude yourself, you are automatically part of this Settlement.  If you do nothing, you will still give up the right to sue, continue to sue, or be part of another lawsuit against TrueFire about the legal claims resolved by this Settlement. |
| EXCLUDE YOURSELF | You will not receive any benefits from the Settlement, but you will not be bound by the terms of the Settlement, if |

| | |
|---|---|
| **DEADLINE: [45 DAYS FOLLOWING NOTICE]** | approved by the Court. |
| **OBJECT:**<br><br>**DEADLINE: [45 DAYS FOLLOWING NOTICE]** | If you do not exclude yourself from the Settlement Class, you may object to the Settlement or to Class Counsel's or the Class Representatives' requests for Class Counsel fees. |
| **GO TO A HEARING ON [DATE]** | You may object to the Settlement and ask the Court permission to speak at the Fairness Hearing about your objection. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the Settlement. No benefits will be provided, or payments made until after the Court grants final approval of the Settlement and all appeals, if any, are resolved.

QUESTIONS? READ ON AND VISIT WWW.INSERTWEBSITE.COM

# TABLE OF CONTENTS

**PAGE**

**BASIC INFORMATION**

- Why is this Notice being provided?
- What is this lawsuit about?
- Why is this a class action?
- Why is there a Settlement?

**WHO IS IN THE SETTLEMENT**

- How do I know if I am part of the Settlement?
- Are there exceptions to being included in the Settlement?
- What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**

- What benefits does the Settlement provide?
- Tell me more about how to enroll in TrueFire All Access.
- Tell me more about reimbursement for time spent remediating payment card issues.
- Tell me more about the $50.00 monetary payment for California Sub-class Members.

**HOW TO GET SETTLEMENT BENEFITS**

- How can I enroll in TrueFire All Access?
- How do I obtain reimbursement of time spent remediating payment card issues related to the Data  Breach?
- How do I obtain a monetary payment of $50.00 if I am a California Sub-class member?
- When will I receive my reimbursement payment under the Settlement?
- What am I giving up as part of the Settlement?

**THE LAWYERS REPRESENTING YOU**

- Do I have a lawyer in the case?
- How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

- What does it mean to exclude myself from the Settlement?
- If I exclude myself, can I get anything from this Settlement?
- If I do not exclude myself, can I sue later?
- How do I exclude myself from the Settlement?

**OBJECTING TO THE SETTLEMENT**

- How do I tell the Court if I do not like the Settlement?

- What is the difference between objecting and asking to be excluded?

**FINAL APPROVAL HEARING**

- When and where will the Court decide whether to approve the Settlement?
- Do I have to come to the hearing?
- May I speak at the hearing?

**IF YOU DO NOTHING**

- What happens if I do nothing at all?

**GETTING MORE INFORMATION**

- How do I get more information about the proposed Settlement?

# BASIC INFORMATION

This Class Notice is provided pursuant to an order issued by the Court to inform you of the proposed Settlement and the Final Approval Hearing to be held by the Court to consider, among other things, (a) whether the Settlement is fair, reasonable and adequate and should be approved; and (b) Class Counsel's request for Class Counsel Fees and Expenses. This Class Notice explains the nature of the lawsuit, the general terms of the proposed Settlement (including the benefits available), and your legal rights and obligations. This Class Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Action.

The Honorable Judge William F. Jung of the United States District Court for the Middle District of Florida is overseeing this action, which is known as *Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, Case No. 8:20-cv-00857-WFJ-CPT (the "Action"). The individual who filed the lawsuit is called the "Plaintiff." TrueFire, LLC and TrueFire, Inc. (collectively, "TrueFire") is the "Defendant."

Plaintiff in this matter claims that on or about March 9, 2020, TrueFire disclosed that it was the victim of a data skimming attack that resulted in the disclosure of payment card information belonging to individuals who made purchases on the TrueFire website during that time period between August 3, 2019 and January 14, 2020 (the "Data Breach").

TrueFire began notifying potentially impacted individuals of the Data Breach on or around February 13, 2020.

Plaintiff claims that TrueFire did not adequately protect his personal information, and that he was injured as a result of the Data Breach. TrueFire denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that any law has been violated.

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims. The Plaintiff (the class representative here), together with the people they represent, are called Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those people who timely exclude themselves from the Settlement Class. In this case, the Class Representative is Emmanuel Llamas.

The Court has not decided in favor of the Plaintiff or TrueFire. Instead, both sides agreed to a settlement. Settlement avoids the costs and uncertainty of trial and related appeals, while providing benefits to members of the Settlement Class. The Class Representatives and attorneys for the Settlement Class ("Settlement Class Counsel") believe the Settlement is in the best interests of the Settlement Class Members.

# WHO IS IN THE SETTLEMENT

You are included in the Settlement Class if you are a member of one of the following classes of individuals:

> All persons residing in the United States whose personally identifiable information was compromised as a result of the Data Breach first announced by TrueFire on February 13, 2020.
>
> or
>
> All persons residing in California whose personally identifiable information was compromised in the Data Breach first announced by TrueFire on February 13, 2020.

If you are not sure whether you are in the Class, or have any other questions about the Settlement, call the toll-free number, 1-800-PHONENUMBER. You also may write with questions to: INSERT SETTLEMENT ADMININSTRATOR INFO AND ADDRESS or go to www.INSERTWEBSITE.com.

## THE SETTLEMENT BENEFITS

TrueFire will provide Settlement Class Members the following benefits if elected under the Settlement: (1) TrueFire All Access for a period of nine (9) months at no fee, (2) reimbursement for time spent remediating payment card issues related to the Data Breach for an amount of $20.00 per hour up to $60.00 per Settlement Class Member which are: (a) related to the Data Brach; (b) supported by required documentation; and (c) that meet all requirements set forth in the Reimbursement Form and the Settlement Agreement; and (3) payment of $50.00 to each California Sub-class Member who makes a claim.

Complete details regarding the settlement benefits are available in the Settlement Agreement, which is available at www.INSERTWEBSITE.com.

## TrueFire All Access

All Settlement Class Members who are existing TrueFire All Access subscribers may elect to have their current subscriptions extended by a period of nine (9) months. The remaining Settlement Class Members who do not submit a timely request for exclusion from the Settlement Class shall have the option to receive a subscription to TrueFire All Access for a period of nine (9) months. If a Settlement Class Member elects to receive the nine (9) month subscription to TrueFire All Access, he or she must make that election by the Election Deadline.

## Reimbursement for Time Spent Remediating Payment Card Issues

Any Settlement Class Member may submit one Claim for reimbursement for time spent remediating fraudulent charges on their payment card as a result of the Data Breach for an amount of $20.00 per hour that is capped at a maximum of three (3) hours per Claimant. Claims may be

submitted electronically or in paper format using a Reimbursement Form. Claims must be submitted by the Reimbursement Deadline.

Settlement Class Members who wish to make a timely and properly supported Reimbursement Claim must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; (b) a written accounting of the tasks associated with remediating any fraudulent charges on their payment card as a result of the Data Breach that includes time spent performing such tasks calculated in fifteen (15) minute increments; and (c) a statement signed under penalty of perjury indicating that: (i) the individual performed the tasks associated with remediating the fraudulent charges on their payment card; and (ii) the fraudulent charges on their payment card are fairly traceable to the Data Breach.

**Monetary Payment of $50 for California Sub-class Members**

All members of the California Sub-class who make claims are eligible to receive $50 per Claimant.

California Sub-class Members who wish to make a timely and properly supported Monetary Payment Claim must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; and (b) a statement signed under penalty of perjury indicating that the Claimant was a resident of the state of California at the time of the Data Breach.

# HOW TO GET SETTLEMENT BENEFITS

To enroll in, or extend, the nine (9) month TrueFire All Access Subscription offered by TrueFire, Settlement Class Members must submit an Election Form by mail or through the Settlement Website by **DATE**. The Settlement Administrator will notify you of any deficiencies with respect to your Election Form, and you will have 21 days after such notice is sent to correct these deficiencies.

An Election Form is available at www.INSERTWEBSITE.com or by calling 1-800-PHONENUMBER. Election Forms are also available by writing to the Settlement Administrator at [SETTLEMENT ADMININISTRATOR INFORMATION AND ADDRESS].

For reimbursement for time spent remediating fraudulent charges on payment cards as a result of the Data Breach for an amount of $20.00 per hour and that is capped at a maximum of three (3) hours per Claimant, you must complete and submit a Reimbursement Form(s) and provide documentation proving the time spent as described above. You can get the Reimbursement Form at www.INSERTWEBSITE.com or by calling 1-800-PHONENUMBER. For each Reimbursement Form, you must read the instructions carefully, fill out the form completely, attach the required documentation, and either submit the form and documentation through the Settlement Website, or mail the form postmarked no later than **DATE**, to:

Settlement Administrator
ADDRESS
ADDRESS

If you have questions about how to file a claim, call 1-800-PHONENUMBER or go to www.INSERTWEBSITE.com.

If you file a timely and valid Reimbursement Form and submit required documentation, the Settlement Administrator will evaluate your claim to confirm your eligibility and calculate your payment amount. The Settlement Administrator will notify you of any deficiencies with respect to your claim, and you will have twenty-one (21) days after such notice is sent to correct these deficiencies. The Settlement Administrator will then issue a final decision on your claim.

Payments for valid claims will not be made until after the Settlement is finally approved and all appeals and other reviews have been exhausted.

If you are a California Sub-class Member and you file a timely and valid Monetary Payment Claim Form, the Settlement Administrator will evaluate your claim to confirm your eligibility to receive payment of the Monetary Payment Claim. The Settlement Administrator will notify you of any deficiencies with respect to your claim, and you will have twenty-one (21) days after such notice is sent to correct these deficiencies. The Settlement Administrator will then issue a final decision on your claim.

Unless you exclude yourself, you cannot sue TrueFire or be part of any lawsuit against TrueFire about any of the issues in this Action. Unless you exclude yourself, all of the decisions by the Court will bind you. The specific claims you are giving up are described in Paragraph 9 of the Settlement Agreement. You will be releasing your claims against TrueFire and all related people as described in Paragraph 9.

The Settlement Agreement is available at www. INSERTWEBSITE.com or by calling 1-800-PHONENUMBER. The Settlement Agreement describes the released claims with specific descriptions, so please read it carefully. If you have any questions about what this means, you can talk to Settlement Class Counsel, or you can talk to your own lawyer at your own expense.

## THE LAWYERS REPRESENTING YOU

The Court appointed the law firms of Morgan & Morgan, PA and Clayeo C. Arnold, A Professional Law Corporation to represent you and the Settlement Class. These firms are called "Settlement Class Counsel." You will not be charged by these lawyers for their work on this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court for TrueFire to pay for reasonable attorneys' fees and expenses of up to $156,500.00. The Court will decide the amount of attorneys' fees, a n d expenses. Any attorneys' fees, costs, and expenses approved will be paid by TrueFire and will not reduce the benefits provided to you or the other Settlement Class Members under the proposed Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue TrueFire about the legal claims in this case, you must take steps to exclude yourself from the Settlement Class. Excluding yourself is also called "opting out" of the Settlement.

If you exclude yourself, you cannot get anything from the Settlement. If you exclude yourself, you may not apply for any benefits under the proposed Settlement and you cannot object to the proposed Settlement.

If you do not exclude yourself, you cannot sue later. Unless you exclude yourself, you give up the right to sue TrueFire for all of the claims that this proposed Settlement resolves.

To exclude yourself from the proposed Settlement, you must timely submit, by U.S. Mail, written notice of your intent to opt-out of the Settlement to the Settlement Administrator's designated address established for opt-outs. The written notice must clearly manifest your intent to be excluded from the Settlement Class in *Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, No. 8:20-cv-00857-WFJ-CPT, and must be signed by you. You can only request exclusion for yourself: you cannot request to exclude any other member of the Settlement Class. Mass opt-outs are not permitted.

To be effective, written notice must be postmarked by _____ and mailed to:

> INSERT ADDRESS

You cannot ask to be excluded on the phone, by email, or on the website.

## OBJECTING TO THE SETTLEMENT

If you are a Settlement Class Member, you can object to or comment on the Settlement, Settlement Class Counsel's request for attorneys' fees, costs, and expenses. To object, you must state in writing that you object to the Settlement, and include the following information in your written objection:

1. The name of the Action;

2. Your full name, mailing address, telephone number, and e-mail address;

3. A statement of the basis on which you claim to be a Settlement Class Member;

4. A written statement of all grounds for your objection, accompanied by any legal support for the objection, and any evidence you wish to introduce in support of the objection;

5. The identity of all counsel, if any, representing you, including any former or current counsel who may claim entitlement to compensation for any reason related to the objection to the Settlement or the Fee Application;

6.  A statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing and the identification of any counsel representing you who intends to appear at the Final Approval Hearing;

7.  A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

8.  Your signature signed under oath and penalty of perjury or, if legally incapacitated, the signature of your duly authorized representative (along with documentation setting forth such legal incapacitation and representation) (an attorney's signature is not sufficient).

Failure to include this information may be grounds for the Court to disregard your objection.

To submit an objection, send a letter the Court either by: (a) mailing it to the Clerk of the Court, United States District Court for the Middle District of Florida, United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, or; (b) filing the objection in person at any location of the United States District Court for the Middle District of Florida. Mailed objections must be filed or postmarked on or before the Objection Deadline, which is [Objection Deadline].

You can object to the Settlement when you wish to remain a Settlement Class Member and be subject to the Settlement but disagree with some aspect of the Settlement. An objection allows your views to be heard in Court.

Excluding yourself from the Settlement Class means that you are no longer a Settlement Class Member and do not want the Settlement to apply to you. Once you are excluded, you lose the right to receive any benefits from the Settlement or to object to any aspect of the Settlement because the case no longer affects you.

## FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing at _____ a.m., on _____, at the Tampa Courthouse, Courtroom _____, 801 North Florida Avenue, Tampa, FL 33602. At the Final Approval Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for attorneys' fees, costs, and expenses. If there are objections, the Court will consider them. After the Final Approval Hearing, the Court will decide whether to approve the proposed Settlement and how much to award to Class Counsel as fees, costs, and expenses.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically check www.INSERTWEBSITE.com and the Court docket in this case through the Court's Public Access to Electronic Records (PACER) system at https://www.flmd.uscourts.gov/cmecf to confirm the date of the Final Approval Hearing.

You do not have to attend the hearing. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you submit a written objection, you do not have to come to the Fairness Hearing to raise your objection. As long as you

timely mailed your written objection, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but their attendance is not necessary.

You may speak at the hearing. If you would like to do so, you must indicate your intent to personally appear and/or testify at the Final Approval Hearing, and identify any counsel representing you who intends to appear at the Final Approval Hearing, when providing written notice of your objection as noted above regarding how to object to the Settlement.  You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

If you are a Settlement Class Member and you do nothing, you will be legally bound by the Settlement, but you will not receive the nine (9) month subscription to TrueFire All Access, reimbursement for time spent remediating payment card issues related to the Data  Breach, or the California Sub-class monetary payment (if applicable).  You will not be able to bring a lawsuit, continue a lawsuit, or be a part of any other lawsuit  against TrueFire about the claims in this case.

If you would like to request benefits under the Settlement, you must follow the instructions described above.

## GETTING MORE INFORMATION

This notice summarizes the proposed Settlement. More details are included in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.INSERTWEBSITE.com. You also may write with questions to the Settlement Administrator, at EMAIL ADDRESS OR REAL [ADDRESS]. You can access Reimbursement and Election Forms and review additional documents on the Settlement Website. You can also request to receive Reimbursement and Election Forms, a copy of the Settlement Agreement, and a detailed notice by mail by calling the toll-free number, 1-800-PHONENUMBER.

# Exhibit C

*Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, No. 8:20-cv-00857-WFJ-CPT
(M.D. Fl.)
**TrueFire All Access Election Form**
**Submission Deadline: <mark>DATE</mark>**

**You may quickly and easily file your Election Form online at**
**<mark>www.INSERTWEBSITE.com</mark>**

The Settlement Class is defined as all persons residing in the United States whose personally identifiable information was compromised as a result of the Data Breach first announced by TrueFire on February 13, 2020. You may submit this Election Form only if you are a Settlement Class Member in the above action.

As a member of the Settlement Class, if you do not submit a timely request for exclusion from the Settlement Class, you are entitled to obtain either a nine (9) month subscription to TrueFire All Access, or a nine (9) month extension of your subscription to TrueFire All Access at TrueFire's cost.

**To elect to receive the nine (9) month subscription to TrueFire All Access, please mark the appropriate selection and provide the following information:**

\_\_\_\_\_ I want to **ELECT** to receive TrueFire All Access for a period of nine (9) months at TrueFire's cost.

\_\_\_\_\_ I want to **ELECT** to extend my existing TrueFire All Access subscription for a period of nine (9) months at TrueFire's cost.

I declare under penalty of perjury that I am a Settlement Class Member and that the information provided below is true and accurate.

First Name:_____MI:\_\_\_\_\_Last Name: _____

Address: _____

E-Mail:_____Phone Number: _____

Signature:_____Date: _____

The deadline to submit this form is <mark>DATE</mark> online at <mark>www.INSERTWEBSITE.com </mark>or by mail to <mark>ANGEION GROUP, ADDRESS</mark>.

# Exhibit D

*Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, No. 8:20-cv-00857-WFJ-CPT
SETTLEMENT ADMINISTRATOR
P.O. Box XXXXX
City, State XXXXX-XXXX

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

*Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, No. 8:20-cv-00857-WFJ-CPT

## REIMBURSMENT FORM

Any Settlement Class Member may submit one Claim for reimbursement for time spent remediating fraudulent charges on their payment card as a result of the Data Breach for an amount of $20.00 per hour that is capped at a maximum of three (3) hours per Claimant.  Reimbursement Claims must be submitted using this Reimbursement Form in accordance with the reimbursement terms under the provisions of this Agreement.

Additional information is contained in the Notice and the Settlement Agreement, both of which are available at www.INSERTWEBSITE.com or by calling 1-PHONENUMBER.

Settlement Class Members who wish to make a timely and properly supported Reimbursement Claim must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; (b) a written accounting of the tasks associated with remediating any fraudulent charges on their payment card as a result of the Data Breach that includes time spent performing such tasks calculated in fifteen (15) minute increments; and (c) a statement signed under penalty of perjury indicating that: (i) the individual performed the tasks associated with remediating the fraudulent charges on their payment card; and (ii) the fraudulent charges on their payment card are fairly traceable to the Data Breach.

Settlement Class Members must submit this documentation along with the form required below through the Settlement Website, or by mailing it to the following address:

ANGEION GROUP
ADDRESS
ADDRESS

If you have any questions, call 1-PHONE NUMBER or go to www.INSERTWEBSITE.com for  more information.

**Deadline:** All Claims must be submitted to the Settlement Administrator on or before **DATE**.

## CLAIMAINT INFORMATION
### Please Type or Print in the Boxes Below

First Name                          MI        Last Name

Mailing Address (Street, PO Box, Suite or Office Number)

City                                          State        Zip Code

### Additional Information

Email Address (optional)

Telephone Number (optional)

I declare under penalty of perjury that the time spent remediating payment card issues claimed on this form is related to the Data Breach.

You may submit one reimbursement request and your request cannot exceed an $60.

### Amount Requested:

$

**Documentary proof must be submitted to support your exact claim amount.**

Please provide a brief description of time spent remediating payment card issues related to the Data Breach requested in this Claim calculated in fifteen (15) minute increments, as well as an explanation of how such activities are related to the Data Breach. (You may attach additional pages if necessary).

Signature:_____   Date:_____

Print Name:_____

Your claim will be submitted to the Settlement Administrator for review.  If your  Reimbursement Form is incomplete, untimely, or  contains false information, it may be rejected by  the Settlement Administrator.  If your claim is  approved, you will be mailed a check at the street address you provide. This process takes time;  please be patient.

**REIMBURSEMENT FORMS MUST BE POSTMARKED NO LATER THAN DATE TO BE ELIGIBLE FOR PAYMENT.  FILE ONLINE AT www.INSERTWEBSITE.com OR MAIL THIS CLAIM FORM TO ANGEION GROUP,  ADDRESS.**

# Exhibit E

*Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, No. 8:20-cv-00857-WFJ-CPT
SETTLEMENT ADMINISTRATOR
P.O. Box XXXXX
City, State XXXXX-XXXX

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

*Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, No. 8:20-cv-00857-WFJ-CPT

## MONETARY PAYMENT CLAIM FORM

All members of the California Sub-class are eligible to a direct payment of $50 per Claimant. California Sub-class Monetary Payment Claims must be submitted pursuant to this Monetary Claim Form and in accordance with the reimbursement terms under the provisions of this Agreement.  All Monetary Payment Claims must be submitted to the Settlement Administrator on or before the expiration of the Monetary Payment Deadline and must be verified in writing and attested-to by the Claimant.

Additional information is contained in the Notice and the Settlement Agreement, both of which are available at www.INSERTWEBSITE.com or by calling 1-PHONENUMBER.

California Sub-class Members who wish to make a timely and properly supported Monetary Payment Claim must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address; and (b) a statement signed under penalty of perjury indicating that the Claimant was a resident of the state of California at the time of the Data Breach.

California Sub-class Members must submit this form required below  through the Settlement Website, or by mailing it to the following address:

ANGEION GROUP
ADDRESS
ADDRESS

If you have any questions, call 1-PHONE NUMBER or go to www.INSERTWEBSITE.com for more information.

**Deadline:** All Claims must be submitted to the Settlement Administrator on or before **DATE**.

**CLAIMAINT INFORMATION**
**Please Type or Print in the Boxes Below**

First Name                                        MI          Last Name

Mailing Address (Street, PO Box, Suite or Office Number)

City                                                           State           Zip Code

**Additional Information**

Email Address (optional)

Telephone Number (optional)

I declare under penalty of perjury that at the time of the Data Breach, I was a resident of the state of California residing at the address provided below.

| Signature:_____ | Date:_____ |
|---|---|
| Print Name:_____ | Your claim will be submitted to the Settlement Administrator for review.  If your  Monetary Payment Claim Form is incomplete, untimely, or contains false information, it may be rejected by the Settlement Administrator.  If your claim is approved, you will be mailed a check at the street address you provide.  This process takes time; please be patient. |

**MONETARY PAYMENT CLAIM FORMS MUST BE POSTMARKED NO LATER THAN DATE TO BE ELIGIBLE FOR PAYMENT.  FILE ONLINE AT www.INSERTWEBSITE.com OR MAIL THIS CLAIM FORM TO ANGEION GROUP,  ADDRESS.**

# Exhibit F

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EMMANUEL LLAMAS, an individual and
California resident, on behalf of himself and
all others similarly situated,

                  Plaintiff,

v.

TRUEFIRE, LLC, and TRUEFIRE, INC.

                  Defendants.

Case No.: 8:20-cv-00857-WFJ-CPT

JUDGE WILLIAM F. JUNG

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM**

WHEREAS, a class action is pending before the Court entitled *Emmanuel Llamas v.*
*TrueFire, LLC and TrueFire, Inc.*, Case No. 8:20-cv-00857-WFJ-CPT;

WHEREAS, Emmanuel Llamas (also referred to as "Plaintiff" or "Settlement Class
Representative" for purposes of the Settlement Agreement), for himself and on behalf of the
Settlement Class, and TrueFire, LLC and TrueFire, Inc. (collectively "TrueFire" or
"Defendant"), have agreed to settle Plaintiff's claims related to a payment card scraping attack
perpetrated against TrueFire (the "Data Breach");

WHEREAS, the Parties' Stipulation and Agreement of Settlement ("Settlement
Agreement"), together with the exhibits attached thereto, sets forth the terms and conditions for
a proposed settlement and dismissal of the Action with prejudice as to TrueFire for the claims
of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement,

and  the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of  Plaintiff seeking preliminary approval of the Settlement Agreement, good cause being shown,  and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1.      Terms and phrases in this order shall have the same meaning as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the  Settlement Class Members, and TrueFire, and venue is proper in this District.

Settlement Class Certification.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, Settlement Classes consisting of the following:

a.      **Nationwide Class:**  All persons residing in the United States whose personally identifiable information was compromised as a result of the Data Breach first announced by TrueFire on February 13, 2020; and

b.      **California Sub-class:**   All persons residing in California whose personally identifiable information was compromised in the Data Breach first announced by TrueFire on February 13, 2020.

4.      Excluded from the Settlement Class are Defendant, its officers and directors during the Settlement Class Period, the members of their immediate families, and their respective  representatives, heirs, successors, and assigns.  Also excluded from the Settlement Class are  those Persons who otherwise satisfy the above requirements for membership in the Settlement  Class, but who timely and validly request exclusion from the Settlement Class

2

pursuant to the  Notice to be sent to Settlement Class Members.

      5.      The Court hereby appoints Plaintiff Emmanuel Llamas as Settlement Class Representative.

      6.      The Court hereby appoints Morgan & Morgan, PA and Clayeo C. Arnold, A Professional Law Corporation,  as Settlement Class Counsel.

Preliminary Approval

      7.      Plaintiff has moved the Court for an order approving the settlement of the Action in  accordance with the Settlement Agreement, which, together with the documents incorporated therein,  sets forth the terms and conditions for a proposed settlement and dismissal of the Action with  prejudice against TrueFire.  The Court, having read and considered the Settlement Agreement and  having heard the Parties' arguments in support of the Settlement Agreement, hereby preliminarily   approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 20 of this order.

      8.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against TrueFire.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class  action, and provides beneficial relief to the Settlement Class.  The Court also finds that the  Settlement Agreement: (a) is the result of serious, informed, non-collusive arms' length negotiations involving experienced counsel familiar with the legal and factual issues of this case  and made with the assistance of the Bennett G. Picker, Esq. of Stradley Ronon Stevens & Young, LLP; (b) is sufficient to warrant notice of  the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable  requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness  Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by  TrueFire.

Notice and Administration

9.     Angeion Group is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this order.

10.     The Court finds that the notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits A and B thereto (the "Notice Program") is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class.  The Notice Program is consistent with the requirements of Rule 23 and due process,  and constitutes the best notice practicable under the circumstances.

11.     The Court thus hereby approves the Notice Program, including the proposed Notice documents attached as Exhibits A and B to the Settlement Agreement.  The Court also approves the plan for Claims administration, including the Election Form, Reimbursement Form, and California Sub-class Monetary Payment Claim Form attached as Exhibits C, D, and E to the Settlement Agreement. The Parties may, by agreement,  revise the Notice, Election Form, Reimbursement Form, or California Sub-class Monetary Payment Claim documents in ways that are not  material, or in ways that are appropriate to update those documents for purposes of accuracy or  formatting.

12.     Pursuant to the Settlement Agreement, within thirty (30) calendar days after the  entry of the Preliminary Approval Order (the "Notice Date"), and subject to the requirements of the Settlement Agreement and this Preliminary Approval Order, TrueFire shall coordinate  with the Settlement Administrator to provide Notice pursuant to the Notice Program as follows:

a.   Within forty-five (45) days of entry of the Preliminary Approval Order, the Settlement Administrator shall send E-mail Notice to each Settlement Class Member for whom TrueFire or the Settlement Administrator can ascertain an email address;

b.   With respect to Settlement Class Members for whom TrueFire and the Settlement Administrator cannot ascertain an email address, the Settlement Administrator shall send Postcard Notice to Settlement Class Members' mailing addresses, as ascertained by TrueFire's records or through the National Change of Address Database or other similar data source;

c.   The Settlement Administrator shall perform reasonable address traces for all initial Postcard Notices that are returned as undeliverable. The Settlement Administrator shall complete the re-mailing of the Summary Notice by US mail to Settlement Class Members whose new addresses were identified as of that time through address traces; and

d.   The Settlement Administrator shall publish, on or before the Notice Date, the Long-Form Notice on the Settlement Website in accordance with the requirements set forth in the Settlement Agreement.

13.   Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Election Form for a nine (9) month TrueFire All Access subscription, and/or a valid Reimbursement Form for reimbursement of time spent remediating payment card issues related to the Data Breach.  California Sub-class Members who wish to receive a $50.00 monetary payment must complete and submit a valid California Monetary Payment Claim Form. All Election Forms must be postmarked or received by the Settlement Administrator not later than _____.  All Reimbursement Forms must be postmarked or received by the  Settlement Administrator not later than _____.  All California Monetary Payment Claim Forms must be postmarked or received by the  Settlement Administrator not later than _____.

5

14.     Within ten (10) days of the filing of the motion for preliminary approval, TrueFire shall, at its own cost, serve or cause to be served a notice of the proposed  Settlement in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. §  1715(b).

Exclusion

15.     Settlement Class Members who wish to exclude themselves from the Settlement  Class for purposes of this Settlement may do so by submitting a request for exclusion to the  Settlement Administrator not later than forty-five (45) days following the Notice Date.  The request  for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement.  Each Settlement Class Member desiring to exclude him or herself from the Settlement Class shall timely submit, by U.S. Mail, written notice of such intent to the designated address set forth  in the Notice. The written notice must clearly manifest the intent to be excluded from the  Settlement Class and must be signed by the Settlement Class Member. A request for exclusion  may not request exclusion of more than one member of the Settlement Class.  Mass opt-outs are  not permitted.

16.     Any member of the Settlement Class who timely requests exclusion consistent with these procedures may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement.  Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment.

Objections

17.     Any member of the Settlement Class who has not timely filed a request for exclusion may object to the granting of final approval to the settlement. Settlement Class Members may object on their own or may do so through separate counsel at their own expense.

18.     Any written objection to the Settlement must include: (i) the name of the Action; (ii) the objector's full name, address, telephone number, and e-mail address; (iii) a

statement of  the basis on which the objector claims to be a Settlement Class Member; (iv) a written statement  of all grounds for the objection, accompanied by any legal support for the objection, and any  evidence the objecting Settlement Class Member wishes to introduce in support of the objection; (v) the identity of all counsel, if any, representing the objector, including any former or current  counsel who may claim entitlement to compensation for any reason related to the objection to the   Settlement or the Fee Application; (vi) a statement confirming whether the objector intends to  personally appear and/or testify at the Final Approval Hearing and the identification of any  counsel representing the objector who intends to appear at the Final Approval Hearing; (vii) a list  of any persons who will be called to testify at the Final Approval Hearing in support of the  objection; (viii) the objector's signature signed under oath and penalty of perjury or, if legally   incapacitated, the signature of their duly authorized representative (along with documentation setting forth such legal incapacitation and representation) (an attorney's signature is not   sufficient); and (ix) must be submitted to the Court either by: (a) mailing it to the Clerk of the  Court, United States District Court for the Middle District of Florida, United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, or; (b) filing the  objection in person at any location of the United States District Court for the Middle District of  Florida.  Mailed objections must be filed or postmarked on or before the expiration of the Objection Period, which occurs forty-five (45) days following the Notice Date.

19.     Any member of the Settlement Class who fails to file and serve a timely written objection in compliance with the requirements of this Order and the Settlement Agreement shall  be deemed to have waived any objections and shall be foreclosed from making any objections  (whether by appeal or otherwise) to the Settlement.

<u>Fairness Hearing</u>

20.      A fairness hearing (the "Final Approval Hearing" or "Fairness Hearing") shall be held before this Court on _____ in Courtroom _____ of the Tampa Courthouse 801 North Florida Avenue, Tampa, FL 33602 to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; and (c) whether to award payment of attorneys' fees, costs, and expenses to Class Counsel and in what amount. The Court may adjourn the Fairness Hearing without further notice to Settlement Class Members.

21.      By no later than thirty (30) days prior to the Objection Deadline, papers supporting the Fee and Expense Application shall be filed with the Court.

22.      Papers in support of final approval of the Settlement Agreement shall be filed with the Court no later than fourteen (14) days prior to the Fairness Hearing.

<u>Monetary Payment Fund</u>

23.      Once the Settlement Administrator has made final determinations on all Claims submitted during the Claims Period, the Settlement Administrator shall provide the Parties with a Claims Determination Notice that includes a final accounting of all Claims to be paid and instructions to TrueFire to fund the Settlement Administration Account. The Settlement Administrator shall issue the Claims Determination Notice within sixty (60) days after the Claims Period. TrueFire shall then cause funds to be deposited into the Settlement Administration Account for the payment of Claims within forty-five (45) days of receiving the Claims Determination Notice. Upon TrueFire's funding of the Settlement Administration Account, the Settlement Administrator shall promptly make payment to Claimants.

<u>Attorney Fees, Costs, and Expenses</u>

24.      Within thirty (30) business days after the Effective Date, TrueFire shall pay or

8

cause to be paid $156,500.00 to Class Counsel as a Fee and Expense Award, if approved by the Court, and if TrueFire receives written wire instructions and an IRS Form W-9 from Class Counsel at least thirty (30) days before the payment deadline.

<u>Miscellaneous Provisions</u>

25.     To protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address rights or claims of any Released Party or Settlement Class Member relating to, or arising out of, any of the Released Claims.

26.     Settlement Class Members shall be bound by all determinations and judgments concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

27.     All case deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

28.     In the event that this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to  the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture on September 17, 2020, in accordance with this paragraph. Neither party, nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23

9

of  the Federal Rules of Civil Procedure.

**IT IS ORDERED.**

Dated:_____, _____

_____
Honorable William F. Jung