**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| EMMANUEL LLAMAS, an individual and California resident, on behalf of himself and all others similarly situated, | Case No.: 8:20-cv-0857-T-02CPT |
| Plaintiff, | JUDGE WILLIAM F. JUNG |
| v. | |
| TRUEFIRE, LLC, and TRUEFIRE, INC. | |
| Defendants. | |

**ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM**

WHEREAS, a class action is pending before the Court entitled *Emmanuel Llamas v. TrueFire, LLC and TrueFire, Inc.*, Case No. 8:20-cv-0857-T-02CPT;

WHEREAS, Emmanuel Llamas (also referred to as "Plaintiff" or "Settlement Class Representative" for purposes of the Settlement Agreement), for himself and on behalf of the Settlement Class, and TrueFire, LLC and TrueFire, Inc. (collectively "TrueFire" or "Defendant"), have agreed to settle Plaintiff's claims related to a payment card scraping attack perpetrated against TrueFire (the "Data Breach");

WHEREAS, the Parties' Stipulation and Agreement of Settlement ("Settlement Agreement"), together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to TrueFire for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement,

and   the Court having read and considered the Settlement Agreement and exhibits attached

thereto;

This matter coming before the Court upon the agreement of the Parties and the motion

of  Plaintiff seeking preliminary approval of the Settlement Agreement, good cause being

shown,  and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1.       Terms and phrases in this order shall have the same meaning as set forth in the

Settlement Agreement.

2.       The Court has jurisdiction over the subject matter of the Action, the Plaintiffs,

the  Settlement Class Members, and TrueFire, and venue is proper in this District.

Settlement Class Certification.

3.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

preliminarily certifies, for settlement purposes only, Settlement Classes consisting of the

following:

      a.    **Nationwide Class:**  All persons residing in the United States whose personally identifiable information was compromised as a result of the Data Breach first announced by TrueFire on February 13, 2020; and

      b.    **California Sub-class:**  All persons residing in California whose personally identifiable information was compromised in the Data Breach first announced by TrueFire on February 13, 2020.

4.       Excluded from the Settlement Class are Defendant, its officers and directors

during the Settlement Class Period, the members of their immediate families, and their

respective  representatives, heirs, successors, and assigns.  Also excluded from the Settlement

Class are  those Persons who otherwise satisfy the above requirements for membership in the

Settlement  Class, but who timely and validly request exclusion from the Settlement Class

pursuant to the  Notice to be sent to Settlement Class Members.

5.          The Court hereby appoints Plaintiff Emmanuel Llamas as Settlement Class Representative.

6.          The Court hereby appoints Morgan & Morgan, PA and Clayeo C. Arnold, A Professional Law Corporation,  as Settlement Class Counsel.

Preliminary Approval

7.          Plaintiff has moved the Court for an order approving the settlement of the Action in  accordance with the Settlement Agreement, which, together with the documents incorporated therein,  sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against TrueFire.  The Court, having read and considered the Settlement Agreement and  having  heard  the  Parties'  arguments  in  support  of  the  Settlement  Agreement,  hereby preliminarily  approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 20 of this order.

8.          The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against TrueFire.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class  action, and provides beneficial relief to the Settlement Class.  The Court also finds that the  Settlement Agreement: (a) is the result of serious, informed, non-collusive arms' length negotiations involving experienced counsel familiar with the legal and factual issues of this case  and made with the assistance of the Bennett G. Picker, Esq. of Stradley Ronon Stevens & Young, LLP; (b) is sufficient to warrant notice of  the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable  requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness  Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by  TrueFire.

3

Notice and Administration

9.       Angeion Group is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this order.

10.     The Court finds that the notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits A and B thereto (the "Notice Program") is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement  Agreement, and the right of members to object to the settlement or to exclude themselves from  the Class.  The Notice Program is consistent with the requirements of Rule 23 and due process,  and constitutes the best notice practicable under the circumstances.

11.     The Court thus hereby approves the Notice Program, including the proposed Notice documents attached as Exhibits A and B to the Settlement Agreement.  The Court also approves the plan for Claims administration, including the Election Form, Reimbursement Form, and California Sub-class Monetary Payment Claim Form attached as Exhibits C, D, and E to the Settlement Agreement. The Parties may, by agreement,  revise the Notice, Election Form, Reimbursement Form, or California Sub-class Monetary Payment Claim documents in ways that are not  material, or in ways that are appropriate to update those documents for purposes of accuracy or  formatting.

12.     Pursuant to the Settlement Agreement, within forty five (45) calendar days after the   entry of the Preliminary Approval Order (the "Notice Date"), and subject to the requirements of  the Settlement Agreement and this Preliminary Approval Order, TrueFire shall coordinate   with the Settlement Administrator to provide Notice pursuant to the Notice Program as follows:

a.     Within forty-five (45) days of entry of the Preliminary Approval Order, the Settlement Administrator shall send E-mail Notice to each Settlement Class Member for whom TrueFire or the Settlement Administrator can ascertain an email address;

b.     With respect to Settlement Class Members for whom TrueFire and the Settlement Administrator cannot ascertain an email address, the Settlement Administrator shall send Postcard Notice to Settlement Class Members' mailing addresses, as ascertained by TrueFire's records or through the National Change of Address Database or other similar data source;

c.     The Settlement Administrator shall perform reasonable address traces for all initial Postcard Notices that are returned as undeliverable. The Settlement Administrator shall complete the re-mailing of the Summary Notice by US mail to Settlement Class Members whose new addresses were identified as of that time through address traces; and

d.     The Settlement Administrator shall publish, on or before the Notice Date, the Long-Form Notice on the Settlement Website in accordance with the requirements set forth in the Settlement Agreement.

13.     Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Election Form for a nine (9) month TrueFire All Access subscription, and/or a valid Reimbursement Form for reimbursement of time spent remediating payment card issues related to the Data Breach. California Sub-class Members who wish to receive a $50.00 monetary payment must complete and submit a valid California Monetary Payment Claim Form. All Election Forms must be postmarked or received by the Settlement Administrator not later than sixty (60) days following this Court's entry of final judgment in this case. All Reimbursement Forms must be postmarked or received by the Settlement Administrator not later than sixty (60) days following this Court's entry of final judgment in this case. All California Monetary Payment Claim Forms must be postmarked or received by the Settlement Administrator not later than sixty (60) days following this Court's

entry of final judgment in this case.

14.      Within ten (10) days of the filing of the motion for preliminary approval, TrueFire shall, at its own cost, serve or cause to be served a notice of the proposed Settlement in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

Exclusion

15.      Settlement Class Members who wish to exclude themselves from the Settlement Class for purposes of this Settlement may do so by submitting a request for exclusion to the Settlement Administrator not later than forty-five (45) days following the Notice Date. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement. Each Settlement Class Member desiring to exclude him or herself from the Settlement Class shall timely submit, by U.S. Mail, written notice of such intent to the designated address set forth in the Notice. The written notice must clearly manifest the intent to be excluded from the Settlement Class and must be signed by the Settlement Class Member. A request for exclusion may not request exclusion of more than one member of the Settlement Class. Mass opt-outs are not permitted.

16.      Any member of the Settlement Class who timely requests exclusion consistent with these procedures may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement. Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment.

Objections

17.      Any member of the Settlement Class who has not timely filed a request for exclusion may object to the granting of final approval to the settlement. Settlement Class Members may object on their own or may do so through separate counsel at their own expense.

18.      Any written objection to the Settlement must include: (i) the name of the Action; (ii) the objector's full name, address, telephone number, and e-mail address; (iii) a

statement of the basis on which the objector claims to be a Settlement Class Member; (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection, and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection; (v) the identity of all counsel, if any, representing the objector, including any former or current counsel who may claim entitlement to compensation for any reason related to the objection to the Settlement or the Fee Application; (vi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing and the identification of any counsel representing the objector who intends to appear at the Final Approval Hearing; (vii) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; (viii) the objector's signature signed under oath and penalty of perjury or, if legally incapacitated, the signature of their duly authorized representative (along with documentation setting forth such legal incapacitation and representation) (an attorney's signature is not sufficient); and (ix) must be submitted to the Court either by: (a) mailing it to the Clerk of the Court, United States District Court for the Middle District of Florida, United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, or; (b) filing the objection in person at any location of the United States District Court for the Middle District of Florida. Mailed objections must be filed or postmarked on or before the expiration of the Objection Period, which occurs forty-five (45) days following the Notice Date.

19.      Any member of the Settlement Class who fails to file and serve a timely written objection in compliance with the requirements of this Order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

Fairness Hearing

20.     A fairness hearing (the "Final Approval Hearing" or "Fairness Hearing") shall be held before this Court on Friday, May 14, 2021 at 9:30 a.m. in Courtroom 15B of the Tampa Courthouse 801 North Florida Avenue, Tampa, FL 33602 to consider: (a) whether the proposed settlement of the  Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable   and adequate and should be given final approval by the Court; (b) whether a final judgment  should be entered; and (c) whether to award payment of attorneys' fees, costs, and expenses to Class  Counsel and in what amount. The Court may adjourn the Fairness Hearing without further notice to Settlement Class Members.

21.     By no later than thirty (30) days prior to the Objection Deadline, papers supporting the Fee and Expense Application shall be filed with the Court.

22.     Papers in support of final approval of the Settlement Agreement shall be filed with the Court no later than fourteen (14) days prior to the Fairness Hearing.

23.     Due to the present pandemic caused by the coronavirus COVID-19, the Court may, in its exercise of discretion, schedule the Fairness Hearing to be conducted telephonically. In the event the Fairness Hearing is conducted telephonically, the Court will issue instructions on how to attend the Fairness Hearing, including dial-in information. Class Counsel shall promptly post these instructions to the Settlement Website.

Monetary Payment Fund

24.     Once the Settlement Administrator has made final determinations on all Claims submitted during the Claims Period, the Settlement Administrator shall provide the Parties with a Claims Determination Notice that includes a final accounting of all Claims to be paid and instructions to TrueFire to fund the Settlement Administration Account. The Settlement Administrator shall issue the Claims Determination Notice within sixty (60) days

8

after the Claims Period. TrueFire shall then cause funds to be deposited into the Settlement Administration Account for the payment of Claims within forty-five (45) days of receiving the Claims Determination Notice. Upon TrueFire's funding of the Settlement Administration Account, the Settlement Administrator shall promptly make payment to Claimants.

Attorney Fees, Costs, and Expenses

25.    Within thirty (30) business days after the Effective Date, TrueFire shall pay or cause to be paid $156,500.00 to Class Counsel as a Fee and Expense Award, if approved by the Court, and if TrueFire receives written wire instructions and an IRS Form W-9 from Class Counsel at least thirty (30) days before the payment deadline.

Miscellaneous Provisions

26.    To protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address rights or claims of any Released Party or Settlement Class Member relating to, or arising out of, any of the Released Claims.

27.    Settlement Class Members shall be bound by all determinations and judgments concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

28.    All case deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

29.    In the event that this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same

9

to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture on September 17, 2020, in accordance with this paragraph. Neither party, nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

**IT IS ORDERED.**

Dated: December 11, 2020

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE