# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| EMMANUEL LLAMAS, an individual and California resident, on behalf of himself and all others similarly situated, | Case No.: 8:20-cv-00857-WFJ-CPT |
| Plaintiff, | |
| v. | |
| TRUEFIRE, LLC, and TRUEFIRE, INC. | |
| Defendants. | |

## FINAL JUDGMENT AND ORDER APPROVING THE CLASS SETTLEMENT AND AWARDING ATTORNEYS' FEES AND EXPENSE AWARD

On December 4, 2020, Plaintiff filed his Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement and Certification of Settlement Class, (Doc. No. 26) (the "Motion for Preliminary Approval"), of the settlement between Plaintiff Emmanuel Llamas, on his own behalf and on behalf of the Settlement Class (as defined below), and Defendants TrueFire, LLC, and TrueFire, Inc. (collectively "Defendants"), as memorialized in the Settlement Agreement attached as Exhibit 1 to Plaintiff's Motion for Preliminary Approval (the "Settlement Agreement") (Doc. No. 26-1).[1]

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the same meaning as in the Settlement Agreement.

Subsequently, on December 11, 2020, the Court entered its Order Granting Preliminary Approval of Class Action Settlement and Approving Notice Program, (Doc. No. 27) (the "Preliminary Approval Order"), certifying the Settlement Class, setting and summarizing the deadlines for administration of the Notice Plan and claims procedures, and setting a Final Approval Hearing on May 14, 2021. (Doc. No. 27).

On May 14, 2021, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. Having considered the Settlement Agreement, Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement and Certification of Settlement Class, (Doc. No. 30) (the "Final Approval Motion"), and Plaintiff's Unopposed Motion for Attorneys' Fees and Expense Award, (Doc. No. 29) (the "Attorneys' Fees and Expense Motion"), the declarations supporting those motions, and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Settlement Agreement and all exhibits attached thereto, and all terms used herein shall have the same meanings as set forth in the Agreement and its exhibits, unless otherwise set forth herein.

2. This Court has jurisdiction over Defendants and all Settlement Class Members (including all objectors), and the claims asserted in the Action for purposes

of the Settlement.

3. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

4. The Litigation has sufficiently progressed to have enabled the Parties to have adequately evaluated and considered their respective positions.

5. This Court grants final approval of the Settlement, including but not limited to, the Releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the agreement, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Parties are to bear their own costs, except as and to the extent provided in the Agreement and herein.

## **CLASS CERTIFICATION**

7. The previously certified the class and sub-class set forth below (together, the "Settlement Class") is now finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> **Nationwide Class:** All persons residing in the United States whose personally identifiable information was compromised as a result of the Data Breach first announced by TrueFire on February 13, 2020; and
>
> **California Sub-class:** All persons residing in California whose personally identifiable information was compromised in the Data Breach first announced by TrueFire on February 13, 2020.

8. For purposes of settlement only, the Court finds that the prerequisites for

3

a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff has fairly and adequately protected the interests of the Settlement Class and will continue to do so; (e) John A. Yanchunis, Ryan J. McGee, and M. Anderson Berry are adequate Settlement Class Counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy, considering: (i) the interests of Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

9.  Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Emmanuel Llamas is designated as representative of the Settlement Class (the "Settlement Class Representative").

10. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, John A. Yanchunis, Sr., Ryan J. McGee, and M. Anderson Berry are appointed as Class Counsel.

## CLASS NOTICE

11. Notice to the Settlement Class fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all

persons entitled to notice of the settlement of the Litigation. The Court approved the forms of notice to the Settlement Class.

12. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Direct notice was given by email in accordance with the Settlement Agreement and the Preliminary Approval Order, and where Settlement Class Members' email addresses were not valid or otherwise could not receive the notice, the Settlement Administrator effectuated notice via U.S. mail. The Class Notice, Claim Form, Preliminary Approval Order, and Settlement Agreement (without exhibits) were also posted on the Settlement Website at www.truefiredatabreachsettlement.com. These forms of class notice fully complied with the requirements of Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and were due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of 517 valid and timely claim forms were submitted.

## OBJECTIONS AND OPT-OUTS

13. No objections were filed by a Settlement Class Member.

14. One Settlement Class Member validly requested exclusion from the Settlement Class and is hereby excluded from the Settlement Class. (Doc. No. 23-3, ¶ 14, Exhibit H).

## CLASS COMPENSATION

15. Angeion Group (the "Settlement Administrator") shall distribute to the Settlement Class Members who submitted timely and valid claim forms remuneration in accordance with the dates and terms in the Settlement Agreement.

## ATTORNEYS' FEES AND EXPENSE AWARD

16. The Court has carefully and separately scrutinized the fairness of

Plaintiff's Fees and Expense Motion. In the Eleventh Circuit, fee awards in common fund cases are calculated as a reasonable percentage of the total value of the settlement benefits made available to the class, rather than the claims rate or the actual payout. See *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–97 (11th Cir. 1999) ("[A]ttorney's fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class" and "no case has held that a district court must consider only the actual payout in determining attorneys' fees."). In *Waters*, the district court approved a class action settlement involving a $40 million reversionary settlement fund and a fee award of $13.3 million to class counsel, representing 33-1/3 percent of the settlement fund. *Id.* at 1292–93. The defendants appealed the award of attorney's fees, arguing that the court should have considered the actual payments made to the class, as opposed to the percentage of the funds made available to the class. *Id.* at 1294–95. The defendants argued that class counsel were entitled to a much lower fee because most of the settlement funds were going to revert back to the defendant. *Id.* The Eleventh Circuit affirmed the attorney's fee award and confirmed that the proper measure of the attorney's fees was based on a percentage of the "total available fund" rather than the actual payout to class members. *Id.* at 1295.

17. Here, applying *Waters*, the total benefits under the settlement include the $1,200,000.00 in monetary relief made available to the class, as well as the value of the enhanced data security measures implemented at TrueFire for the protection of consumers' data. Notably, the Attorneys' Fees and Expense Award is to be paid separate and apart from the Settlement. To date, 517 valid and timely claims were submitted, out of a total of 4,857 Settlement Class Members. This results in an approximate claims rate of 10.6%. The Court recognizes that "there may be many reasons or no reasons why class members decide to participate in a settlement, e.g.

desire not to be involved in litigation, ideological disagreement with the justice system, their individual experiences . . . or sympathy for the defendant. . . . Whatever the underlying reason, that is a decision to be made by each class member. Those decisions, however, do not affect whether the settlement provided to the class is fair, adequate and reasonable." *Montoya v. PNC Bank, N.A.*, No. 14-20474, 2016 WL 1529902, at *24 (S.D. Fla. Apr. 13, 2016) (citing *Hall v. Bank of Am.*, No. 12-cv-22700, 2014 WL 7184039, at *8 (S.D. Fla. Dec. 17, 2014)). After giving the matter careful consideration, the Court approves the Attorneys' Fees and Expense Motion.

18. The Court awards Settlement Class Counsel the sum of $156,500.00 as an award of attorneys' fees, costs, and expenses to be paid within thirty (30) days of the Effective Date, in accordance with the Settlement Agreement, and the Court finds this amount of fees and costs to be fair and reasonable.

## OTHER PROVISIONS

19. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

20. Neither the Agreement nor the Settlement contained therein, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement is, or may be deemed to be used as, an admission or evidence of: (a) the validity of any of the allegations in the Litigation or the validity of any of Released Claim; (b) any wrongdoing or liability of the Defendants or their respective Related Persons; or (c) any fault of omission of any of the Defendants or their respective Related Persons, whether in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Plaintiff, Class Members, and Class Counsel may file the Agreement and/or the Judgment in any

other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Agreement as injunctive relief. The Parties may file the Agreement and/or the Judgment in any proceeding that may be necessary to consummate or enforce the Agreement, the Settlement, or the Judgment.

21. In the Preliminary Approval Orders, this Court approved Angeion Group as the Settlement Administrator. (Doc. No. 27). The Settlement Administrator shall make all distributions to the Settlement Class Members pursuant to the terms of the Settlement Agreement and this Court's orders.

22. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

23. This action is hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41. However, with the consent of the Parties the Court retains jurisdiction for the purpose of enforcing the terms of the Settlement and of this Final Judgment and Order.

24. As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and his or her respective heirs, assigns, beneficiaries, and successors, and whether or not such Releasing Party executes and delivers a Claim Form, shall automatically be deemed to have fully and irrevocably released and forever discharged Defendants and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants,

representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns (collectively the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Breach described in Plaintiff's Complaint, and conduct that was alleged or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the unauthorized access of Settlement Class Member personally identifiable information as a result of the Data Breach; (2) TrueFire's maintenance of Settlement Class Members' personally identifiable information; (3) TrueFire's information security policies or practices; (4) TrueFire's provision of notice to Settlement Class Members following the Data Breach; and (5) any event, matter, dispute, or thing that in whole or in part, directly or indirectly, relates to or arises out of the Data Breach and (1) through (4) above (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Breach

25. Settlement Class Counsel has waived, discharged, and released the Released Parties of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Action.

26. Without any further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

27. The Court directs immediate entry of this Judgment by the Clerk of the

Court.

    28.    The Clerk of the Court shall close this case.

**IT IS ORDERED.**

Dated: May 14, 2021

                                        _____
                                        **WILLIAM F. JUNG**
                                        **UNITED STATES DISTRICT JUDGE**